## ROCHE v. McCALDIN.

*(Common Pleas of New York City and County, General Term. November 7, 1892.)*

SEAMAN—ACTION FOR WAGES—JURISDICTION OF DISTRICT COURT OF NEW YORK.

    A trip of a steam tug, while towing a ship from port to sea, is a "voyage," within the meaning of the statute prohibiting the district court of New York city from. taking cognizance of an action brought by any seaman against the owner of a ship. or vessel for breach of contract for services on board ship during any "voyage performed, or in part performed, by such ship or vessel."

Appeal from district court.

Action by David Roche, the master of a steam tug, against the owner, James McCaldin, for wages under special agreement. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before BISCHOFF, P. J., and PRYOR, J.

*Hyland & Zabriskie*, for appellant.    *Lamb, Osborne & Petty*, for respondent.

PRYOR, J. The plaintiff, as master of the steam tug W. J. McCaldin, sues the defendant, as owner, for a balance of wages claimed to be due by virtue of a special agreement. By motion to dismiss, the appellant presented the point on the trial that the action was not within the jurisdiction of a district court. By express prohibition of statute, such a court cannot take cognizance of an action "brought by any seaman or mariner, or other person belonging to any ship or vessel, against the owner, master, or commander of such ship. or vessel, for or by reason of the nonperformance or breach of any agreement or contract * * * for services, or compensation for services, on board of.

any ship or vessel, during any voyage performed, or in part performed, by such ship or vessel." This provision is still in force. *Collins* v. *Underwood*, 1 E. D. Smith, 318. That the steam tug was a vessel; that the plaintiff, as master, belonged to it; that the money in litigation is claimed as compensation for service,—are self-evident propositions; and the only question, therefore, upon the construction of the statute, is whether that compensation was for service "during any voyage performed, or in part performed," by such vessel. The evidence discloses that the service sued for was rendered while the tug was going to tow a ship to sea from the port of New York. But respondent contends that "the term 'voyage' imports navigation from one port to another, is applied only to foreign and interstate commerce, and is not used of a tug making short trips from one body of water to another." This may be the technical sense of the word in maritime law; but in the construction of the statute in question it admits of no such restricted signification. Obviously the intent and policy of the provision is to withhold from the cognizance of courts, not supposed to be of very enlarged erudition, cases within the jurisdiction of the admiralty, and involving the difficult problems peculiar to maritime causes. But precisely such questions arise in suits for seamen's wages, whether the vessel be à tug plying about the port or a ship destined for the antipodes. In reason, therefore, the case is within the purview of the statute, and so was beyond the jurisdiction of the court below. The fact that no instance is adduced of the exercise of the disputed jurisdiction affords a strong argument against the existence of the jurisdiction. Without reference to the controversy whether the contract between the parties embraced a commission upon salvage earnings, it results that the judgment must be reversed. Judgment reversed. Judgment for defendant, dismissing the complaint, with costs in this court and in the court below.