RUDOLPH DANIELSEN, Appellant, *v.* SIGSBEE, HUMPHREY & Co., INC., Respondents.

(Supreme Court, Appellate Term, First Department, January Term — filed April, 1921.)

Municipal Court of the city of New York — jurisdiction — seaman's wages — ships and shipping — judgments.

> The Municipal Court of the city of New York has jurisdiction of an action brought by a seaman to recover wages, and an order dismissing the complaint on the ground that the court had not jurisdiction, and the judgment entered thereon, will be reversed with leave to defendants to serve an answer.

APPEAL by plaintiff from judgment and order of the Municipal Court of the city of New York, borough of Manhattan, first district, dismissing his complaint on the ground that the Municipal Court had no jurisdiction of the action.

Silas B. Axtell (Arthur Lavenburg, of counsel), for appellant.

Harrington, Bigham & Englar (Horace M. Gray, of counsel), for respondents.

McCook, J. This action is brought by a seaman to recover wages against a private corporation and the United States Shipping Board Emergency Fleet Corporation. The plaintiff alleges that he was regularly employed as a member of the crew of the vessel *Cabegon* and was wrongfully discharged. Plaintiff alleges the ownership of the vessel in the following language:

" *Third.* Upon information and belief, that at all time hereinafter mentioned, the defendants owned and/or operated and/or managed and/or controlled a certain merchant vessel known as the *Cabegon.*"

Defendant Sigsbee, Humphrey & Co., Inc., moved to have this paragraph made more definite and certain, and the trial court, upon such motion, held it had no jurisdiction of the action and dismissed the complaint, relying as shown by the opinion upon *Roche* v. *McCaldin,* 1 Misc. Rep. 174.

The basis of *Roche* v. *McCaldin, supra,* is chapter 410, section 1286, subdivision 4, of the Laws of 1882, which re-enacts in substance chapter 71, section 2, of the Laws of 1819.

In 1819 the present Municipal Court was not established, but a similar court, presided over by the "Assistant Justice of the City of New York" was then in existence.  By the Laws of 1819, chapter 71, it was provided:

"I.  *  *  *  That the justices court in the city of New York, having marine jurisdiction, shall be called and known by the name of the marine court of the city of New York.  *  *  *

"II.  *  *  *  That the assistant justices of the city of New-York, shall not have jurisdiction to hear and determine any actions to be brought by any seaman or mariner, or other person, belonging to any ship or vessel, for seaman's wages, particularly men-tioned and specified in the one hundredth and sixth section of the act hereby amended."

The statute above quoted referred to section 106 of the Revised Laws of 1813, chapter 86, which gave jurisdiction of all actions for seaman's wages to the Justices Court.  The name of the " Justices Court " by chapter 71 of the Laws of 1819 was changed to the " Marine Court " and later became our present City Court, while the "Assistant Justices," of whom there was one for each city ward, as created by the Laws of 1807, chapter 139, eventually became our present Municipal Court.

The Code of Civil Procedure adopted in 1849, in which the laws relating to Justices Courts in the city of New York were incorporated, provided in section 468 that "all statutory provisions inconsistent with this act, are repealed." However, *Collins* v. *Underwood,* 1 E. D. Smith, 318, decided in 1852, held that the provisions of the Code had not repealed the prohibitory act depriving the District or Justices Courts of jurisdiction in actions brought for the recovery of seamen's wages.

By chapter 741, section 4, Laws of 1870, the Code was amended in reference to jurisdiction of District Courts as follows: "Section 66 of the said Code is hereby amended so as to read as follows: The district courts of the City of New York shall have such jurisdiction as is provided by special statutes."

Turning to the Laws of 1882, chapter 410, which was "An act to consolidate into one act and to declare the special and local laws affecting public interests in the city of New York," we find under section 1284 that District or Justices Courts in the city of New York shall "have such jurisdiction in civil actions and special proceedings as is specially conferred upon them by statute, and no other." Section 1285 gives such courts the jurisdiction therein prescribed: "Except as otherwise provided in the next section."

The next section, viz., 1286, excludes jurisdiction in certain cases, and among them the cases named in subdivision 4, which reads as follows: "Where the action is brought by any seaman or mariner, or other person belonging to any ship or vessel against the owner or owners, master or commander of any such ship or vessel, for or by reason of the non-performance or breach of any agreement or contract made by such seaman or mariner, or other person, with the said owner or owners, master or commander, for services,

or compensation for service, on board of any ship or vessel, during any voyage performed, or in part performed, by such ship or vessel.''

Section 2143 provides:

'' Sections   *   *   *   [enumerating various sections] twelve hundred and eighty-six, except subdivisions four and five   *   *   *   of this act being intended only to contain the substance of certain sections of the Code of Civil Procedure   *   *   *, shall not be construed as making any new enactment, or as repealing, modifying, amending or superseding any provision of   *   *   *   said Code but shall be treated and considered as embraced in this act solely in order that it may contain all provisions of existing laws which are of special application in the city of New York.''

It is clear from the marginal note to the official edition of the Laws of 1882 that the source of section 1286 was section 2863 of the Code with the exception of subdivision 4, whose source is stated to be section 2, chapter 71 of the Laws of 1819.

At this point it is essential to ascertain the effect of the Consolidation Act of 1882, chapter 410. In view of the title to the act, was there a repeal by implication of chapter 71 of the Laws of 1819? Do the provisions of section 2143 change the ordinary rule in reference to repeal by implication? The same questions were raised in *Matter of New York Institution for Instruction of the Deaf and Dumb*, 121 N. Y. 234. In that case the question was whether section 8 of the act of 1865, relating to acquiring land, levying assessments, etc., for the laying out of Central Park, was repealed by the same Consolidation Act we are now discussing. In that case the court said: '' We have not, therefore, a case where some prior statute has been wholly omitted and no provision of any kind substi-

tuted in its place. But this is a case where the prior provision of law has been entirely dropped, and provisions upon the same subject are found in the new act. Under such circumstances how is the Consolidation Act to be construed? It was the manifest intention of the legislature that it should take the place of the numerous special and local acts applicable to the city of New York, which had been enacted for more than a century, and to rescue them from the obscurity, uncertainty and difficulty caused by their scattered condition; and that intention should have effect. * * * We have, therefore, reached the conclusion that section 8 of the act of 1865, although not specially repealed was superseded by the Consolidation Act, and that the order of the General Term should, therefore, be affirmed with costs."

In the case just cited, the provisions of the omitted section were covered by other legislation in the new enactment which did not follow the omitted provisions. For this reason the Court of Appeals held that the former act was superseded. In the case at bar, the provisions of the old act (Laws of 1819, chap. 71) were incorporated in the new act by the use of almost the identical language, and, in addition, the effect of such provisions was extended so as to cover not only actions for seamen's wages, but also any action for services brought against an owner or master of a vessel, providing such services were rendered during any voyage of such vessel. Thus the new act is somewhat broader than the old. Section 2143 seems to have been incorporated in the new act for the purpose of protecting Code sections and certain other laws, therein enumerated, against repeal by implication, stating that they were incorporated therein for the sake of embracing all provisions affecting the city of New York in one act. It is significant that subdivi-

sion 4 of section 1286 was expressly excepted from the operation of the provisions of section 2143. The legislators knew the source of this subdivision, and yet did not state that section 2 of chapter 71 of the Laws of 1819 was not to be deemed to be repealed or superseded by the new act, which enlarged the scope of the original act. It is a fair inference that they thus intended that the old act should be superseded, and that they contemplated that the consolidation should repeal or supersede some prior enactments is obvious from the language used in section 2143.

Chapter 580 of the Laws of 1902 is the Municipal Court Act. Section 1 states the jurisdiction, which is wide enough to include the plaintiff's claim in the present case. Section 364 repeals " the laws or parts thereof, specified in the schedule hereto annexed." Then comes the " schedule of laws repealed," with a list of laws and sections in which appears at page 1596 (Laws of 1902, vol. 2) the following: " 1286. * * * No jurisdiction in certain cases."

Thus by a double identification we have the provision in question done away. We find section 2, chapter 71 of the Laws of 1819, was superseded by the Consolidation Act (Laws of 1882, chap. 410, § 1286, subd. 4), and that section 1286 of chapter 410 of the Laws of 1882 was repealed by chapter 580 of the Laws of 1902, and that the right of the plaintiff in this action to sue in the Municipal Court is conferred by the Municipal Court Act. The present Municipal Court Code (Laws of 1915, chap. 279) states the jurisdiction, which is wide enough to include this plaintiff's claim, and contains no provision denying jurisdiction to the Municipal Court in the present case.

In passing, it may be said that *Roche* v. *McCaldin, supra,* relied on by the court below, was decided while section 1286 of the Laws of 1882 was in effect, namely,

in 1892, and thus before the repeal of 1902, and hence the question here presented was not before that court.

The court below, therefore, erred in dismissing the plaintiff's complaint as to defendant Sigsbee, Humphrey & Co., Inc., on the ground that the Municipal Court had no jurisdiction of the action, and also in dismissing the complaint as to the defendant Shipping Board. *Ingersoll-Rand Co. v. United States Shipping Board Emergency Fleet Corporation,* 195 App. Div. 838.

Judgment and order reversed, with ten dollars costs, and motion denied with leave to defendants to serve answers within five days after service of copy of order to be entered hereon, upon payment of said costs.

GUY and WAGNER, JJ., concur.

Judgment and order reversed, with ten dollars costs.