Gaitano La Rosa, Plaintiff, *v.* Carter & Weekes Stevedoring Company, Defendant.

(Municipal Court of the City of New York, Borough of Manhattan, Second District, May, 1921.)

**Municipal Court of city of New York — jurisdiction — negligence — ships and shipping — Muncipal Court Code, § 6.**

Under section 6 of the Municipal Court Code, the Municipal Court has jurisdiction of an action to recover for personal injuries where the injury complained of occurred upon a vessel in the navigable waters of the city of New York.

Action for personal injuries.

Albert & Albert, for plaintiff.

Clarence B. Tippett, for defendant.

Lauer, J.  The nature and substance of the action is stated upon the summons: "For personal injuries sustained by plaintiff on November 29, 1920, at pier No. 21, Clifton, Staten Island." The defendant filed a special notice of appearance raising the objection that "this court has no jurisdiction over actions of this nature." On the argument and in the briefs sub-

mitted thereafter both parties concede that the plaintiff was an employee of the defendant and sustained injuries in the course of his employment as a stevedore on board the steamship *Amagarso* which was moored to pier 21 at Clifton, S. I. It seems to be conceded that the plaintiff's work was maritime in its nature and that the defendant was engaged in a maritime pursuit.

There is no doubt that work performed by a stevedore on board a ship in unloading her at a wharf in navigable waters is maritime in its nature. Rights and liabilities arising from such work, employment and injuries are within the admiralty jurisdiction. *Atlantic Transport Co.* v. *Imbrovek,* 234 U. S. 52, 59, 60.

The defendant claims that this court has no jurisdiction over maritime torts, and that this action, being one for personal injuries sustained by the plaintiff while on board a ship in navigable waters, is an action for a maritime tort.

By virtue of section 6 of the Municipal Court Code upon the Municipal Court is conferred jurisdiction of actions " for personal injuries " where the amount claimed in the summons does not exceed $1,000 exclusive of interest and costs. It is to be noted that there is no restriction or limitation in this provision of that statute nor is there a restriction in any part of the Municipal Court Code so far as I am aware respecting the place where the personal injury occurred.

Section 2 of article 3 of the Constitution of the United States extends the judicial power of the United States " to all cases of admiralty and maritime jurisdiction." Section 8 of article 1 of the same Constitution confers upon congress power " to make all laws which shall be necessary and proper for carrying into execution the foregoing powers, and all other powers vested by this constitution in the gov-

ernment of the United States, or in any department or officer thereof."

By section 9 of the Judiciary Act of 1789 congress, exercising the power conferred by the constitutional provision above quoted, gave to the District Courts of the United States "exclusive original cognizance of all cases of admiralty and maritime jurisdiction; * * * saving to suitors in all cases the right of a common law remedy where the common law is competent to give it." It may be admitted that but for the saving clause in this last quoted provision of the act of congress neither this court nor any other state court would have jurisdiction in an action brought to recover damages for a maritime tort. It is the claim of the defendant that only state courts of general jurisdiction have concurrent admiralty jurisdiction in those cases where the right of a common-law remedy exists and that there must be found an express statutory provision in the case of the municipal court, a court of limited jurisdiction, for the exercise of jurisdiction over the present action, one to recover damages for a maritime tort, conceding the action to be one where the right of a common-law remedy exists.

I believe that the language of the Municipal Court Code in conferring jurisdiction of all actions for personal injuries where the amount claimed in the summons does not exceed one thousand dollars exclusive of interest and costs is sufficiently comprehensive to include actions for personal injuries where the injury occurred upon a vessel in the navigable waters of the city of New York. As before stated, there is no limitation upon the conference of the jurisdiction of actions to recover damages for personal injuries except the limitation respecting the amount of damages recoverable. It is not claimed that any such restriction is to be found in the statute conferring jurisdiction on the Municipal Court.

In the brief submitted on behalf of the defendant, counsel relies upon the cases of *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205, and *Clyde* v. *Walker,* Id. 255, and a number of other cases which are more or less similar in the principle involved. These cases, however, do not seem to me to be authority germane to the point presented on the present case. The principle decided in those cases was that the remedy of the New York Workmen's Compensation Act is a remedy unknown to the common law and incapable of enforcement by the ordinary process of any court, and hence is not among the common law remedies which are saved to suitors from the exclusive admiralty jurisdiction conferred upon District Courts of the United States by the Judiciary Act of 1789. The present action, however, is one which is known at common law and the plaintiff here is merely seeking to enforce an ordinary common law remedy. It would therefore seem to me that the present action is one within the saving clause of the Judiciary Act of 1789. I can see no force in the argument that the common law remedy is saved only to suitors who seek the enforcement of common law remedies in courts of general jurisdiction and not to those suitors who seek relief in a court such as the Municipal Court, a court of limited jurisdiction. Under the laws of the state of New York suitors may pursue these common law remedies where the amount is limited in inferior courts.

The case of *Danielsen* v. *Sigsbee, Humphrey & Co., Inc.,* 115 Misc. Rep. 184, where the Appellate Term of this department held that this court had jurisdiction of an action by a seaman to recover wages, while not perhaps an authority on the point raised in the present action may nevertheless be noted as an indication of the intention of the courts to uphold the jurisdiction under the general language in the statute

conferring jurisdiction on an inferior court, to wit, the Municipal Court of the city of New York. The jurisdiction of the court was there questioned and it was held an action to recover seamen's wages was within the jurisdiction of the court where the statute conferred jurisdiction in actions on contracts.

I conclude, therefore, that the objection of the defendant to the jurisdiction of the court should be overruled. Upon payment of ten dollars costs the defendant may answer within five days.

Ordered accordingly.