GEORGE B. HOLMAN & Co., INC., Plaintiff, *v.* FRANCIS D. GRAHAM, as Administrator, etc., of MYRTLE W. GRAHAM, Deceased, and CARL STUMM, Defendants.

Municipal Court of New York, Borough of Manhattan, First District, December 10, 1937.

*C. Carlton Walters*, for the plaintiff.

*Louis W. Severy*, for the defendant Francis D. Graham, as administrator, etc.

EDER, J.  If a warehouseman receives goods in the course of his business, in the absence of an express contract, an implied contract of storage arises.  (*Gay* v. *Bates*, 99 Mass. 263, 266; *Graves* v. *Smith*, 14 Wis. 5, 8.)  It is upon this theory that plaintiff brings this action, and, I believe, correctly so.  It is a simple action of general assumpsit, upon a quasi-contract.

An action in replevin was brought in the New Jersey Supreme Court by the Hackensack Trust Company, as executor of the last will and testament of Lucie Wetmore Stumm, deceased, against Carl Stumm, as defendant, and the sheriff of Bergen county, N. J., seized certain household goods which he placed in storage with plaintiff's predecessor.  A storage contract was then entered into between said trust company, as executor, and plaintiff's predecessor, for the storage of the goods seized by the sheriff.  Myrtle W. Graham (now deceased) gave notice in writing to such executor and to the sheriff that she claimed an interest and right in the goods and demanded their return to her.  Thereafter, she was made a party defendant to the replevin action.  The present plaintiff, upon acquiring the business of its predecessor, issued to said executor a new, non-negotiable warehouse receipt covering the goods and undertook to store them pursuant to the provisions of the New Jersey Uniform Warehouse Receipts Act.  The executor failed in the replevin action and judgment was rendered by said New Jersey Supreme Court in favor of the defendants therein, said Carl Stumm and Myrtle W. Graham.

As appears from the postea therein, judgment was entered " in favor of the *defendants* and against the plaintiff."  This judgment by a court of competent jurisdiction determines that the right to possession of the said chattels is in *both* defendants.

Following this disposition by the New Jersey Supreme Court, plaintiff-executor in the replevin action notified the plaintiff at bar that said goods were the property of the defendants, paid the storage charges up to the time of the judgment, surrendered the

warehouse receipt and requested plaintiff at bar to transfer the storage to the defendants.

Both defendants knew the goods were stored in plaintiff's warehouse. Defendant Graham has made several demands on plaintiff for delivery of the goods to him but has never produced to plaintiff an authorization from defendant Stumm, allowing him to remove the goods; the defendants have never, both together, authorized plaintiff to surrender the goods to them, either of them, or to any one in their behalf, or otherwise.

No new warehouse receipt was ever issued by plaintiff to the defendants or either of them. Neither of the defendants has, except for the demands referred to, ever taken any steps for the recovery of the goods. The goods have, during all this time, been safely stored by plaintiff. Plaintiff has properly declined to deliver the goods to either defendant without authorization from the other.

Defendant Graham counterclaims for the value of the goods withheld by plaintiff.

As I have already held that the plaintiff properly declined to deliver the goods, the counterclaim cannot prevail.

The plaintiff received the goods in the ordinary course of its business; the nature of this business was and is known to the defendants. The defendants have seen fit to permit their goods to remain in the warehouse of the plaintiff, although they could, by their own combined authorization, have removed them, or if either had the exclusive right to them, he could have availed himself of appropriate legal action for their acquisition. They cannot suffer their goods to remain in plaintiff's warehouse without compensating the plaintiff for its services.

Contracts implied in law, or, more properly, *quasi* or constructive contracts, are imposed or created by law without regard to the assent of the party bound, on the ground that they are dictated by reason and justice; duty defines it and its purpose is not to permit unjust enrichment. (*Miller* v. *Schloss*, 218 N. Y. 400, 407.) The law allows it to be enforced by an action *ex contractu.* (*Gutta Percha & Rubber Mfg. Co.* v. *Mayor*, 108 N. Y. 276, 278.)

The facts here establish such a contract; it is the legal inference from the facts.

The action against Carl Stumm has been severed by stipulation. The amount sought to be recovered, $282.41, is not in dispute and it is stipulated that judgment, if rendered for the plaintiff, shall go against the defendant Graham.

For the reasons stated, judgment is awarded in favor of plaintiff and against defendant Graham in the sum of $282.41, and the counterclaim of the defendant Graham against plaintiff is dismissed on the merits and as a matter of law. Ten days' stay of execution.