LUCY MORENO, Plaintiff, *v.* PICARDY MILLS, INC., Defendant.

Municipal Court of New York, Borough of Brooklyn, First District, December 27, 1939.

*Alphonse J. Garafola,* for the plaintiff.

*Henry, Meyers & Manne* [*John J. Lieberman* of counsel], for the defendant.

*George A. McNulty, General Counsel, Irving J. Levy, Assistant General Counsel,* and *Irving Rozen,* attorney [*Alfred E. Davidson* and *George Crockett* of counsel], for Harold D. Jacobs, Administrator, Wages and Hour Division, United States Department of Labor, *amicus curiæ.*

CASSIN, J. This action was instituted by the plaintiff pursuant to the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, chap. 8, §§ 201–219) to recover twice the amount of pay the plaintiff was allegedly entitled to receive by reason of overtime work she claims to have performed.

At the opening of trial, before a jury, the defendant moved to dismiss the complaint on the ground that the court lacked jurisdiction. On consent the jury was waived and the court reserved decision.

The defendant does not challenge the jurisdiction of the court on the ground that it cannot render judgment in a cause of action *quasi*-contractual in nature, arising out of a Federal statute. That question appears to have been definitely settled, and the cases cited by counsel need not be set forth here. He does, however, insist that the amount sued for includes a penalty, that a penalty

is penal in nature, and that this court lacks jurisdiction to enforce the criminal law.

Section 16 of the act (U. S. Code, tit. 29, § 216), captioned by the word "Penalties," reads as follows:

"(a) Any person who willfully violates any of the provisions of section 215, shall upon conviction thereof be subject to a fine of not more than $10,000, or to imprisonment for not more than six months, or both * * *

"(b) Any employer who violates the provisions of section 206 or section 207 of this chapter shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction * * * The court in such action shall, in addition to any judgment awarded to the plaintiff * * * allow a reasonable attorney's fee to be paid by the defendant * * *."

It is submitted by the defendant that, if the double amount for which the plaintiff sues is a penalty, this and no State court has jurisdiction because of section 371 of title 28 of the United States Code, which vests exclusive jurisdiction of crimes and offenses against the United States in the Federal courts. The plaintiff, and in particular the Government, which has appeared *amicus curiæ* in this proceeding, resists this contention and states that because of the phraseology of subdivision (b) of the section under discussion section 371 is superseded and that this court, even though it did find that the amount sued for was in fact the penalty, has jurisdiction to try such an action because of the fact that the section uses the words "any court of competent jurisdiction." (*First National Bank of Charlotte* v. *Morgan*, 132 U. S. 141 [1889].) This court need not consider this point for the reason as will hereinafter be set forth. While the Government submits a decision of the United States Supreme Court which would appear to sustain their contention, I do not think that it is necessary for this court to pass upon that point at this time.

The Government asserts that the additional equal amount of wages for which the plaintiff sues is, in fact, liquidated damages, citing the language used in subdivision (b) of section 216.

Unfortunately for this contention, the section itself is captioned "Penalties." Not only that, but I have before me a pamphlet issued by the United States Department of Labor wherein this appears under the caption "Penalties:" "The law provides for a fine up to $10,000, or, in the case of a second conviction, imprisonment up to six months or both. It also permits the worker to collect

in court double the back wages due him." Thus it will be noted that the Government both in the act and in literature explaining the act considers the additional pay to be a penalty.

However, the doubt occasioned by these admissions of the Government are allayed by a reading of *Cox* v. *Lykes Brothers* (237 N. Y. 376). In that case a seaman sued the defendant as agent of the United States Shipping Board Emergency Fleet Corporation for double the amount of withheld back pay, relying upon section 4529 of the United States Revised Statutes, as last amended March 4, 1915 (38 U. S. Stat. at Large, p. 1164), which reads as follows: " Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the court."

Comparing this section with the provisions of section 216 of title 29 of the United States Code under consideration, it may be noted that they seek to effect the same remedy, to wit, to give to an employee the right to sue for double the amount of wages withheld by an employer in contravention of a Federal statute. As in the present case, the jurisdiction of the court was challenged because the remedy granted to the employee was in fact and in law a penalty.

It would serve no useful purpose to quote *in extenso* from the opinion of Judge CARDOZO in the *Cox* case (*supra*). Answering the contention that what was sued for was a penalty, he says (at p. 380): ".Forms and phrases of this kind, accurate enough for rough identification or convenient description, do not carry us very far in the solution of our problems." And again he states (at p. 379): " The Appellate Division found the present suit to be one for a penalty or forfeiture within the meaning of this statute. We do not so regard it. Congress has expressly said that the extra compensation, when due, ' shall be recoverable as wages.' This would seem decisive, without more, that in determining the bounds of jurisdiction, it is not to be classified as a penalty. There was no thought that the State courts, which have undoubted jurisdiction to give judgment for wages in the strict sense, should be shorn of jurisdiction to give judgment for the statutory incidents."

Disregarding the misleading caption of section 216 (*supra*) now under consideration, we find that the act itself states that the amount sued for shall be considered " as liquidated damages."

I am impelled by the reasoning in the *Cox* case to hold that this is, therefore, an action for liquidated damages. The motion is denied. Let counsel confer with court to fix a day for the taking of testimony.