HAROLD EMERSON, Plaintiff, *v.* MARY LINCOLN CANDIES, INC., Defendant.

Supreme Court, Erie County, May 25, 1940.

*Israel Rumizen,* for the plaintiff.

*Charles J. Wick* and *Edward J. Garono,* for the defendant.

HARRY L. TAYLOR, Off. Ref. I have already held that plaintiff was an employee within the contemplation of the " Federal Fair Labor Standards Act of 1938." Prior to January 1, 1937, plaintiff had worked for defendant under a contract calling for twenty-five dollars per week and extra payment for overtime worked above forty-four hours per week. A new contract was entered into January 1, 1937, whereunder plaintiff was to receive forty-four dollars per week from October first to April first and forty dollars per week from April first to October first. Plaintiff was also to have a bonus for saving fuel, etc., but no specific arrangement was made for overtime. I find that all the transactions between plaintiff and defendant are implicit with the understanding that for the purpose of fixing a rate per hour forty-four hours was to be regarded as a week's work. The " Federal Fair Labor Standards Act of 1938 " was approved June 25, 1938, and subsection (a) of section 7 (U. S. Code, tit. 29, § 207, subsection [a]) thereof went into effect October 24, 1938. This section made it compulsory for defendant to pay plaintiff after October 24, 1938, for all overtime worked over forty-four hours per week at time-and-a-half regardless of the terms of the contract under which plaintiff was then working. In other words, subsection (a) of section 7 required defendant to pay plaintiff for all overtime worked by plaintiff between October 24, 1938, and August 17, 1939 (when plaintiff's employment with defendant ceased), one and one-half times the regular rate of hourly pay received by him. Plaintiff's " regular rate of pay " (Code of Federal Regulations, § 516.4, f, iii) was one dollar per hour from October 24, 1938, to April 1, 1939, and ninety-one cents per hour (Code of Federal Regulations, § 516.4 f, iii 6) from April 1 to August 17, 1939.

The trial of this action for additional pay for overtime was commenced before Mr. Justice HARCOURT and a jury and when partially finished was transferred to me to hear and determine.

Defendant was required to keep such records and reports of plaintiff's working hours per week (§ 11, subsection [c] of the act [U. S. Code, tit. 29, § 211, subsection (c)]) as the Administrator should prescribe. Regulations (§§ 516.1 and 516.4 c and f) had been issued and were in effect covering the subject. Defendant's records in these respects, its " payroll books," which were submitted before me, were inaccurate. A " plant " or " fuel " book kept by plaintiff was received in evidence for the aid of the referee, not as evidence in and of itself, but as indicating (for convenience) what plaintiff would testify to in detail as to the matter contained in it. Many " time cards " kept by defendant and a certain " summary " made up by Mr. Santa Maria were also put in evidence. All these documents were marked by inaccuracy. I have looked into them all and have endeavored to arrive, as best I could, at a reasonably correct result as to " overtime " for which plaintiff should be allowed. If any such overtime was worked, subsection (b) of section 16 of the act of 1938 (U. S. Code, tit. 29, § 216, subsection [b]) applies, and pursuant to that section and subsection (a) of section 7, I shall determine the amount due to plaintiff.

The meaning and application of subsection (b) of section 16 of the 1938 act is a subject of controversy between counsel. Defendant's counsel suggests that if the section prescribes a penalty this court has no jurisdiction for the United States courts have exclusive jurisdiction of all suits for penalties and forfeitures under the laws of the United States (U. S. Code, tit. 28, § 371). But the draftsman of subsection (b) of section 16 may have had this possible criticism in mind. The section says that an action may be brought pursuant to it " in any court of competent jurisdiction." (U. S. Code, tit. 29, § 216, subsection [b].) It says that an additional equal amount may be recovered as " liquidated damages " (meaning not as a penalty). (See *Cox* v. *Lykes Bros.*, 237 N. Y. 376.) Defendant's counsel also contends that the section does not compel the court to double the liability but the court is given discretion. I cannot adopt this theory. The section says any employer who violates the provisions of section 7 (U. S. Code, tit. 29, § 207, subsection [b]) " shall be liable," etc. To me this plainly means " shall be held legally responsible or answerable." It would be difficult for me to frame a mandate in more exact language. This provision may seem drastic to some, even unfair. But that was a matter for the Congress to determine. It is not within the province of the court to temper the language or criticize the motives of those who are responsible for the act.

I find that plaintiff has worked 484¼ hours overtime for the twenty-two weeks between October 24, 1938, and April 1, 1939. From this should be deducted 132 hours to offset the $198 received by plaintiff for bonus ($78) and labor service ($120), leaving 352¼ hours. This time at $1.50 per hour amounts to........ $528 38

For the 20 weeks from April 1, 1939, to August 17, 1939, I allow plaintiff for 135½ hours overtime (being 160½ hours less 25½ hours deducted for May 30, June 17 and July 4, 1939) at $1.36 per hour, or..................... 183 60

Total....................................... $711 98

Doubling this amount under subsection (b) of section 16 makes $1,423.96, to which should be added average interest from March 15, 1939. I have decided that I should not make any deduction from plaintiff's overtime for time spent by him in eating lunches.

I also award plaintiff costs of the action and $100 as a " reasonable attorney's fee " under subsection (b) of section 16 of the act.

A formal decision and judgment should be presented to me in accordance with this opinion.