HARGRAVE v. MID–CONTINENT PE-
TROLEUM CORPORATION et al.

No. 359.

District Court, E. D. Oklahoma.

Jan. 13, 1941.

234

Crump & Carver and A. L. Deaton, Jr., all of Newoka, Okl., for plaintiff.

J. C. Denton, R. H. Wills, J. H. Crocker, J. P. Greve, and I. L. Lockewitz, all of Tulsa, Okl., for defendant.

BROADDUS, District Judge.

This action was begun in the district court of Seminole County, Oklahoma, by Hubert Hargrave as agent of certain employees of the defendants against the Mid-Continent Petroleum Corporation, a corporation, and the Cosden Pipe Line Company, a corporation.

Plaintiff alleges that he has been designated as agent for the purpose of prosecuting and maintaining the action for employees who were employed by the defendants as watchmen of refineries located in Seminole County, and which refineries produce oil and its by-products to be transported and used outside of the state of Oklahoma by various dealers.

The allegations as to each of the employees is that they worked in excess of the hours provided under the Fair Labor Standards Act of 1938 (Act of June 25, 1938, c. 676, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq.) and particularly sections 6(a), 7(a) and 16(b), and that by reason thereof each employee is entitled to recover overtime compensation and a like sum as liquidated damages as provided by the said act.

The cause was removed by the defendants to this court. The defendants moved to dismiss the action for the reasons hereinafter considered.

It is contended that the state court under the terms of the Fair Labor Standards Act of 1938 was without jurisdiction of the action. Section 16(b) of the Act provides an "action to recover such liability may be maintained in any court of competent jurisdiction." The jurisdiction on removal in a limited sense is derivative. If the state court lacks jurisdiction the federal court acquires none upon removal although it might have original jurisdiction. Lambert Run Coal Company v. Baltimore & Ohio R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671.

The district courts of Oklahoma are courts of general jurisdiction, with adequate power to determine actions of the nature here considered If they are courts of "competent jurisdiction" within the meaning of Section 16(b) then employees may, of right, enforce the provisions thereof in such courts. Mondou v. New York, N. H. & Hartford R. Co. (Second Employers' Liability Cases), 223 U.S. 1, 55–58, 32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A.,N.S, 44.

The term "any court of competent jurisdiction" is not limited to federal courts. State and federal courts have concurrent jurisdiction of suits of a civil nature arising under the laws of the United States except where jurisdiction has been restricted by Congress to the federal courts. Grubb v. Public Utilities Commission of Ohio, 281 U.S. 470, 476, 50 S.Ct. 374, 74 L.Ed. 972; Claflin v. Houseman, 93 U.S. 130, 136, 137, 23 L.Ed. 833. The term fairly includes within its meaning state courts possessing the jurisdiction to determine the action created by federal statute. Galveston, Harrisburg & San Antonio Railway Co. v. Wallace, 223 U.S. 481, 32 S.Ct. 205, 56 L.Ed. 516; Robb v. Connolly, 111 U.S. 624, 4 S.Ct. 544, 28 L.Ed. 542; Emerson v. Mary Lincoln Candies, 174 Misc. 353, 20 N.Y.S.2d 570; Cox v. Lykes Bros., 237 N.Y. 376, 143 N.E. 226. The district court of Seminole county had jurisdiction of this action prior to removal.

The Oklahoma Statutes of 1931, Sec. 142, 12 Okl.St.Ann. § 221, requires that every action be prosecuted in the name of

the real party in interest except as may otherwise be provided. The defendants urge that such section is controlling, as the law of the forum ·controls as to all matters pertaining to remedial as distinguished from substantive rights, and that the designated agent of the employees not being the real party in interest this action could not have been maintained in the State court and, hence, not here.

Conceding that the rule of the forum controls as to matters pertaining to remedial as distinguished from substantive rights, Sec. 144 of Oklahoma Statutes 1931, 12 Okl.St.Ann. § 223, is an exception referred to in the preceding section and permits "a person expressly authorized by statute" to bring an action without joining with him the person for whose benefit the action is prosecuted. Oklahoma Statutes 1931, Sec. 154, 12 Okl.St.Ann. § 233, provides that when the action is one of common or general interest to many persons, or where the parties are very numerous and it may be impractical to bring them all before the court, one or more may sue or defend for the benefit of all.

■ The Fair Labor Standards Act of 1938, Sec. 16(b), 29 U.S.C.A. § 216(b), permits actions created thereby to be maintained by the agent or representative designated by employees in behalf of such employees and all others similarly situated. The act, being remedial in nature, should be construed liberally so as to afford relief within the legislative intent. When so construed, and in the light of the sections of the Oklahoma Statutes authorizing suits to be brought by persons expressly authorized by statute, and further allowing class actions to be brought, an agent who is designated by employees to bring an action in their behalf is "a person expressly authorized by statute" to bring an action. The plaintiff in this case has the right to bring such action in behalf of the employees, who have designated him as their agent, and all others similarly situated, in either the state or federal court.

It is also urged that the action can not be maintained for the following reasons: (a) That it is one for a penalty or forfeiture incurred under the laws of the United States, of which the United States courts have exclusive jurisdiction, 28 U.S. C.A. § 371; (b) That the Oklahoma District Court in which this action was filed may not enforce penalties arising under the laws of the United States and this court will not, on removal, enforce the same here; (c) That an action for a penalty is barred by the Oklahoma statute of limitations of one year. Okla.Stat.1931, Sec. 101, subsec. 4, 12 Okl.St.Ann. § 95, subd. 4.

■ The answer to these contentions depends upon whether the action is for a penalty. Counsel for defendants assert that the action is one for a penalty and controlled by Gardner v. Rumsey, 81 Okl. 20, 196 P. 941, 25 A.L.R. 1411. The case of Kramer v. Eysenbach, 186 Okl. 234, 96 P.2d 1049, limits the effect of Gardner v. Rumsey, supra, so as to exclude this action from the rule announced therein; the action is not penal in its nature but is one primarily for compensation of an employee. See, also, Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123. Under 16(b) of the Act an employer who violates the provisions thereof is liable to an employee affected thereby in the amount of the unpaid wage and an additional equal amount as "liquidated damages". The chief purpose of such section is compensation to the employee and not punishment. The additional equal amount is "liquidated damages" and not a penalty. Cox v. Lykes Bros., 237 N.Y. 376, 143 N.E. 226, Moreno v. Picardy Mills, 173 Misc. 528, 17 N.Y.S.2d 848, Emerson v. Mary Lincoln Candies, 174 Misc. 353, 20 N.Y.S.2d 570.

The defendants have presented the question that a watchman is not an employee within the terms of the act, but request that the court withhold a ruling thereon until the evidence is heard. As the evidence may have a bearing upon the decision a ruling is reserved.

■ It is finally urged that the complaint fails to state a cause of action. The defendants have not briefed this ground of the motion to dismiss. Evidently it embraces the questions heretofore presented. The petition states a cause of action.

The motion to dismiss will be overruled.