ISAAC ENGEL, Plaintiff, *v.* JUSTRITE HANDKERCHIEF Co., INC.,
Defendant.

Supreme Court, Special Term, New York County, June 4, 1943.

*Harold Storch Kohn* for plaintiff.

*George A. Ferris* for defendant.

MILLER, J.  The complaint is not, as claimed by the defendant, insufficient in law.  Paragraphs 4 and 5, when read together, fairly import that the plaintiff was hired by the defendant to perform services constituting interstate commerce or that he was engaged for the defendant in the production of goods for interstate commerce within the meaning of the Federal Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*).  Paragraph 3 of the complaint, which alleges that this court is vested, by the terms of that Act, with jurisdiction of an action of this character, does not present a traversable allegation.  This court knows judicially the Public Acts of Congress.  (*Ingersoll-Rand Co.* v. *United States Shipping Board Emergency Fleet Corp.*, 195 App. Div. 838.)  The denial of paragraph 3 of the complaint must, therefore, be stricken out as sham and irrelevant.  The motion to strike out paragraph 3 of the answer is granted to the extent of striking out as irrelevant the phrase " for the third time ".  The motion to strike out other para-

graphs of the first defense is granted only to the extent of striking out paragraphs 4 and 5. The other paragraphs of the first defense, which the plaintiff seeks to strike out, cannot be considered irrelevant. They plead an agreement of joint venture involving the formation of the defendant corporation, which was to acquire certain assets of an alleged bankrupt, and in which corporation the plaintiff was to become a stockholder and officer. This agreement culminated, it is alleged, in the formation of the defendant and in the hiring of the plaintiff as manager of the defendant's business. The motion to strike out the first defense as insufficient in law is denied. If the plaintiff was hired as an executive, that would bar a recovery for overtime services under the Act. (*Emerson* v. *Mary Lincoln Candies, Inc.,* 173 Misc. 531, 174 Misc. 353, both affd. 261 App. Div. 879, affd. 287 N. Y. 577.) Moreover, the accepted rule in this department is that a special defense may be retained even if it is provable under the general denial. (*Home Ins. Co.* v. *Gillespie Loading Co.,* 222 App. Div. 67.) The second defense of release is stricken out as insufficient in law. Neither the written agreement incorporated in this defense nor the allegations show that the consideration paid for the release represented full payment of the amount due the plaintiff under the Act. (*Campbell* v. *Mandel Auto Parts Corp.,* 31 N. Y. S. 2d 656, affd. 264 App. Div. 701.) The third defense of accord and satisfaction, after reiterating the allegations of the second defense, alleges " that at the time of the said agreement, the defendant honestly disputed all of the plaintiff's said claims, including the matter of the plaintiff's services, the hours of his alleged services, the work accomplished, and the amount of his compensation ". This defense likewise is insufficient. Not only does it fail to allege that the plaintiff's claim for compensation for overtime work was ever presented to the defendant, but the agreement itself does not show that such a claim was intended to be embraced in it. The bare allegation that the plaintiff's claims were " honestly disputed " is a conclusion. Whether the defense of an accord and satisfaction, when correctly pleaded, constitutes a defense to an action to recover moneys due under the Act need not now be determined.

Accordingly, the motion is granted to the extent of striking out the denial of paragraph 3 of the complaint, the phrase " for the third time " in paragraph 3 of the answer, and paragraphs 4 and 5 of the answer, and is, also, granted to the extent of striking out the second and third defenses, with leave to serve an amended answer within ten days after service of a copy of this order, with notice of entry.