ALBERT ROMER, Plaintiff, *v.* AMERICAN EXPORT LINES, INC.,
Defendant.

Municipal Court of the City of New York, Borough of Manhattan,
February 4, 1952.

*William P. Kain, Jr.,* and *Robert M. Julian* for defendant.

*William L. Standard* and *Morton J. Heckerling* for plaintiff.

GARRISON, J.   Upon trial of the issues in this case, the defendant tendered the issue of law that the Municipal Court has no jurisdiction of this action for maintenance and cure.   Appropriate motions to dismiss at the end of plaintiff's case, at the end of the entire case, and again after verdict, were made, and this court has reserved decision with the acquiescence of counsel for both sides.

The defendant does not contend that none of the State courts have jurisdiction of an action for maintenance and cure (it concedes that State courts of general jurisdiction have), but it contends that the jurisdiction of the Municipal Court is limited to those causes of action enumerated in section 6 of the New York City Municipal Court Code, and in the absence of a provision covering marine causes of action this court is without power to assume jurisdiction of this action.   Defendant asserts that in no reported cases (involving maintenance and cure) was the question of this court's jurisdiction over such subject matter raised.

With the declarations of the defendant hereafter, I am in accord: that maintenance and cure is an ancient relational duty imposed by the general admiralty law upon the employer ·of

seamen; that there is no covering Federal or State statute but the remedy is one arising out of the general maritime law; that the duty is imposed by the law itself and is not part of the " shipping articles "; that such a cause of action is singular in that the seaman cannot insist upon it as a contractual right.

The applicable provision of the Municipal Court Code states (§ 6, subd. 1) that, except as otherwise provided, the court has jurisdiction of an action to recover damages upon or for breach of contract, express or implied, other than a promise to marry.

Concededly in this case there is no express contract. Does this action involve, then, an *implied* contract within the grant of power? Implied contracts are divided into contracts " implied in fact " and contracts " implied in law " (quasi contracts).

In *Aguilar* v. *Standard Oil Co.* (318 U. S. 724) the court at page 730 said: " In the United States this obligation [liability for maintenance and cure] has been recognized consistently as an implied provision in contracts of marine employment."

Since 1904, when the Appellate Division, First Department, rendered its decision in *Pache* v. *Oppenheim* (93 App. Div. 221), it has been well-settled law that the Municipal Court had jurisdiction conferred in causes of action for quasi contracts or " constructive contracts ". The court therein stated (p. 224): " The phraseology of this subdivision 1 of section 1 of the Municipal Court Act indicates the purpose of the Legislature in the establishment of the Municipal Court to define what jurisdiction it shall have *in actions upon* contract, and it is well understood that, for the purposes of remedial justice, actions, based upon obligations, not resting in consent actually given or implied from facts, but upon what are called *quasi* or constructive contracts, are put in the same category as actions *upon* contract, express or implied, in which the element of consent actually exists, or is to be inferred as matter of fact from the circumstances out of which the obligation arose."

The court elsewhere stated (p. 225) : " Whether the obligation arising from a *quasi* contract is one imposed by statute or arising from some general principle of law is immaterial. Assuming that the whole relation is one *quasi* contractual and that no contract, as matter of fact, exists at all, yet, for the purpose of a remedy, the *quasi* contract is considered as if it were an actual contract, and when an action within the limitation of $500 is brought in a Municipal Court on such an obligation, it is an action for *damages upon contract* and the jurisdiction attaches."

Quasi contracts are not all delictual. They may result from a statute, as in *Halkin* v. *Hume* (123 Misc. 815); from an action on a judgment, as in *Weilar* v. *Watzky* (94 Misc. 296); from obligation to reimburse for reasonable burial expenses, as in *Pache* v. *Oppenheim* (*supra*); storage contract, as in *Holman & Co.* v. *Graham* (165 Misc. 389). (See, also, Woodward on Quasi-Contracts, § 1, and 1 Williston on Contracts, § 3.)

The plaintiff asserts that there is no question in the case at bar but that the right of maintenance and cure was known at common law. The defendant does not contend otherwise, for it concedes that State courts of general jurisdiction would have the power to entertain the cause of action herein, under the saving clause of the Judiciary Act of 1789 (1 U. S. Stat. 73). This action, then, being known to the common law, the observation of another court is pertinent, where its jurisdiction was discussed in the case of *La Rosa* v. *Carter & Weekes Stevedoring Co.* (115 Misc. 392), where the court, Lauer, J., said at page 395: " The present action, however, is one which is known at common law, and the plaintiff here is merely seeking to enforce an ordinary common law remedy. It would therefore seem to me that the present action is one within the saving clause of the Judiciary Act of 1789. I can see no force in the argument that the common law remedy is saved only to suitors who seek the enforcement of common law remedies in courts of general jurisdiction, and not to those suitors who seek relief in a court such as the Municipal Court, a court of limited jurisdiction. Under the laws of the state of New York suitors may pursue these common law remedies where the amount is limited in inferior courts."

It is noted that an action involving the right to maintenance and cure was brought in the Municipal Court, and from a judgment therein, on appeal to the Appellate Term, First Department, the principle of a recovery in the lower court therefor was affirmed. (See *Crespo* v. *International Freighting Corp.*, 80 N. Y. S. 2d 78.) While the precise objection as in the instant case to jurisdiction was not raised in the *Crespo* case, there is an implication on the side of this court's jurisdiction in actions for maintenance and cure arising from an affirmance by that Appellate Court.

In my opinion — whether adopting the statement of the United States Supreme Court in *Aguilar* v. *Standard Oil Co.* (*supra*) that the obligation of liability for maintenance and cure has been recognized as an implied provision in a maritime contract (a contract implied in fact), or denominating the said obligation as

quasi contractual (a contract implied in law) — the Municipal Court under either theory has jurisdiction; and I so determine in this action.

Wherefore all motions of the defendant to dismiss the complaint are denied, and the motion to vacate and set aside the verdict of the jury is denied.