MOTION FOR RECONSIDERATION
In response to the Tennessee Gas Pipeline Co., Inc.'s ("TGP") motion for reconsideration, this Court has reconsidered its decision in the above entitled matter and affirms its remand of November 3, 1994. Accordingly, the Court will treat TGP's motion as one for clarification.
With respect to restoration, the Court repeatedly stated in its decision that any order made by the Director was discretionary. See Decision at 13, line 13; Decision at 14, line 2; Decision at 14, line 17-18. The Court indicated in its decision, however, that, because the Court affirmed the Director's finding that the Notice of Suspension of Permit and Order ("NSPO") was moot, the Department of Environmental Management ("DEM") might now decide to view the situation differently and choose to pursue other remedies. The Court's discussion regarding the inability of the Director to fully consider restoration at the hearing as well as the Court's references to the possible reconsideration of restoration merely suggested alternative routes available to DEM in light of these changed circumstances. No requirement of a reconsideration of restoration was intended, explicitly or implicitly by this Court. However, if the Director thinks it is appropriate, in his discretion and in light of the changed circumstances presented by this Court's decision, then the Director may consider restoration at this time.
Conversely, this Court did order a consideration of whether a fine is appropriate in this case. The applicable statute states specifically that a "violator shall be liable for a fine of up to one thousand dollars ($1,000) for each violation." G.L. 1956 (1987 Reenactment) § 2-1-23 (emphasis added). As this Court stated on page 13 of the subject decision, the words "shall be liable" create a mandate which requires the Director to consider the imposition of a fine. The phrase "shall be liable" has consistently been interpreted in this way, as creating a mandate. In Emerson v. Mary Lincoln Candies, Inc., 20 NYS.2d 570, 572,174 Misc. 353 (1940), the court defined "shall be liable" as "shall be held legally responsible or answerable.' It would be difficult for me to frame a mandate in more exact language."Id. at 355. Therefore, a mandate to consider a fine is created by the language of the statute. However, although the statute creates a mandate as to the consideration of whether a fine is appropriate, the statute gives some leeway to the Director and permits him to determine the exact amount of the fine. Accordingly, the fine eventually imposed may be, in actuality, either nominal or nonexistent (e.g. $0). Nonetheless, the violator's liability remains and, for this Court to make a thorough and accurate review of the record, there must be some indication that the Director considered a fine, as required by the statute.
The Court finds unpersuasive DEM's argument that the fine is discretionary because R.I.G.L. § 2-1-23 should be read in conjunction with G.L. 1956 (1987 Reenactment) § 42-17.6-2 which gives the Director the discretionary ability to assess an administrative fine. R.I.G.L. § 42-17.6-2 clearly states that it "shall be an alternative to any other civil penalty that may be prescribed by law," such as the penalty provided for in R.I.G.L. § 2-1-23. DEM's argument conveniently ignores this part of the provision. As an "alternative," R.I.G.L. § 42-17.6-2 need not be interpreted in the same manner as R.I.G.L. § 2-1-23 and, in fact, can be contrasted with that section. Rhode Island G.L. §42-17.6-2 states that the Director "may assess" a fine, whereas R.I.G.L. § 2-1-23 says that the violator "shall be liable." The contrast between discretion and mandate is strongly demonstrated by this differing language. Consequently, this Court rejects DEM's argument and the Court does not change its original decision.
This Court remanded this decision so that the Director could consider the imposition of a fine and, if the director considers it appropriate in light of the changed circumstances created by this Court's decision, an order of restoration. As was said inLemoine v. Dept. of Mental Health, R. Hosp., 113 R.I. 285, 291-2, 370 A.2d 611, 615 (1974), remand is
 intended as a safety valve, permitting the reviewing court to require a second look at situations and conditions which might not warrant a reversal, but which, to the court reviewing the record, would indicate to it that the. . . [agency] may have acted on incomplete or inadequate information; or may have failed to give adequate consideration to an alternative route. . . .
 A remand for further consideration is not a determination that the. . . [agency] is wrong; but it is an indication that the disinterested court, which has reviewed the record, is not satisfied on the basis of the record that the. . . [agency] is right, (citing State ex rel. Gunstone v. State Highway Comm'n, 434 P.2d 734, 735 (Wash. 1967)).
In remanding this decision, the Court has simply ensured that DEM and its Director acted properly and completely under their enabling statute. This course of action is consistent with this Court's role as a reviewing court and is necessary if the Court is to fulfill its duties properly. Accordingly, the prior decision filed in this matter is affirmed and the case is remanded to DEM for consideration of whether a fine should be imposed.
Counsel shall file an appropriate amended judgment consistent with the clarifications provided herein and note its refusal to amend same on reconsideration of the matter.