(122 So. 856)

No. 29323.

TOOMER v. PRICE et al.

May 20, 1929.

Cullen R. Liskow, of Lake Charles, for appellant Louisiana Western Lumber Co.

Leon Sugar, of Lake Charles, for plaintiff Toomer.

Moss & Siess, of Lake Charles, for appellee Globe Indemnity Co.

O'NIELL, C. J. This is a concursus proceeding brought by the owner of a newly built residence to cancel a lien recorded by the Louisiana Western Lumber Company, for lumber, amounting to $2,780.75, sold to the contractor and used in the building. The defendants are W. O. Price, who was the contractor, the Globe Indemnity Company, surety on his bond, and the lumber company. The contractor defaulted on his contract, after incurring the indebtedness of $2,780.75 to the lumber company, and the surety company completed the building according to the contract, at a cost of $6,820.85, all of which the surety company paid, including $3,748.80 for materials furnished by the lumber company after the surety company took over the work. The plaintiff, owner of the building, deposited in court $3,250.16, the balance due under the contract. The only contest is between the lumber company and the surety company; the former claiming $2,780.75 of the amount deposited in court, and the latter claiming all of the amount deposited in court. The district judge first decided in favor of the lumber company, but granted a new trial and then decided in favor of the surety company. The lumber company has appealed.

The contract price of the building was $11,-265, and the bond required was for $10,000. The contractor and the vice president of the lumber company, Lisle Peters, called at the office of the agent, Terrell Woosley, of the surety company, for the purpose of obtaining the bond. As an inducement to Woosley to furnish the bond, Peters agreed that the lumber company would not record a lien for the lumber to be furnished, which would amount approximately to half of the contract price of the building. Thereupon Woosley agreed to furnish the bond, with the understanding that Peters would send him a letter guaranteeing that the lumber company would waive its lien for the lumber to be furnished. Woosley wrote the bond, dating it that day, but withheld it and deferred reporting it to the company, awaiting the letter from the lumber company. On the next day Woosley

reminded Peters that he had not sent the guaranty, and on the following day Peters delivered it, dated two days later than the bond, and reading as follows:

"Mr. Terrell Woosley, City. Dear Sir: Referring to the bond of Red Price, on the Toomer job, wish to state that, in the event you make this bond, we hereby guarantee to file no material lien on said job in case of Mr. Price's failure to take care of his obligation with us, and further wish to advise that, of the $11,000 contract, approximately one-half of this will be for materials bought from us.

"Trusting that this assurance will enable you to make this bond for Mr. Price, we remain

"Yours very truly,
"Louisiana Western Lumber Company,
"F. Lisle Peters.

Notwithstanding this guaranty, on the faith of which the agent for the surety company delivered the bond, the lumber company recorded its lien after the contractor had defaulted on this contract, and is now attempting to enforce the lien, at the expense of the surety company.

Appellant's contentions are, first, that verbal testimony should not have been admitted to prove that the letter was addressed to Woosley as agent for the surety company, or to prove that the letter was written in confirmation of a verbal guaranty given previous to the giving of the bond, the written guaranty being dated subsequent to the date of the bond; second, that there was no consideration given for the guaranty; third, that the surety should not have been allowed to make a defense which the contractor could not have made; fourth, that the surety company, in taking over the contract, assumed all of the obligations of the contractor, including obligations made previous to the taking over of the contract; fifth, that appellant should be given at least a pro rata share of the balance due by the owner to the contractor, if not all of it; and, sixth, that appellant is entitled to a judgment against the contractor, as prayed for, in this concursus proceeding.

■ 1. The verbal testimony was not offered or received for the purpose of altering either the bond or the letter of guaranty, but for the purpose of explaining why the letter, which referred to a bond not yet issued, was dated subsequent to the date of the bond. The testimony was admissible for the purpose of the explanation, as well as for the purpose of showing that the party to whom the letter was addressed was the agent of the surety company; all of which is indicated by the context of the letter itself.

■ 2. The guaranty was not given without consideration. The consideration, expressed in the guaranty, was that the surety company would furnish the contractor's bond, and thus enable the guarantor to sell approximately $5,500 worth of lumber. In this connection, appellant relies upon a letter given by the contractor to the agent for the surety company when the latter issued the bond, in which letter the contractor promised to submit all accounts to the agent of the surety company for approval, and not to pay any unapproved account, and to apply all money received under the contract to the payment of work and material employed on the job. Appellant contends that the agent for the surety company neglected to have the accounts submitted to him for approval. The evidence shows that the letter given by the contractor to the agent of the surety company was not given for the protection or advantage of the lumber company but for the protection of the surety company, and that the agent of the surety company did not assume any obligation to supervise the accounts of the contractor.

■ 3. It is true that section 6 (page 545) of the statute governing this case, Act 298 of 1926, declares that the surety on a contractor's bond shall be allowed to make only such defense as the contractor is authorized to make; but that is a provision in the law which any party for whose interest it is made may dispense with; and the lumber company did dispense with it by the letter guaranteeing that no lien would be recorded for the company's claim, which was the same as to say that, if the contractor should default on his contract, the surety company would not be liable for the lumber furnished by the lumber company.

■ 4. The surety did not, in taking over the work of completing the building, assume the obligation already due by the contractor to the lumber company. The contractor merely assigned to the surety company the balance due him under the contract, in consideration for the surety company's agreeing to complete the building.

■ 5. The lumber company is not entitled to even a pro rata share of the fund deposited by the owner of the building, because the lumber company guaranteed that no lien would be recorded to the prejudice of the surety company, and, without a lien the lumber company would have no claim on the fund deposited in court, superior to or concurrent with the claim of the surety company.

■ 6. Appellant is entitled to a personal judgment against the contractor. Perhaps the reason why no such judgment was given is that the attention of the court was directed by the litigants to the contest between the lumber company and the surety company exclusively.

It is ordered, adjudged, and decreed that the appellant, Louisiana Western Lumber Company, recover of and from the appellee

W. O. Price $2,780.75, with interest thereon at 5 per cent. per annum from the 23d of November, 1926, and the costs of this suit. In all other respects the judgment appealed from is affirmed, at appellant's cost.