MENGEL CO. v. ISHEE.

(In Banc. Dec. 8, 1941. Suggestion of Error Overruled Jan. 12, 1942).

[4 So. (2d) 878. No. 34730.]

**Welch & Cooper**, of Laurel, and **James U. Smith, Jr.**, of Louisville, Ky., for appellant.

368

Quitman Ross, of Laurel, for appellee.

Argued orally by **W. S. Welch** and **James U. Smith, Jr.,** for appellant, and by **Quitman Ross,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

The appellee Ishee brought this action in the Circuit Court of Jones County against the appellant the Mengel Company, a corporation engaged in the sawmill business, to recover the sum of $668.33 and 100 percent "liquidated damages" and reasonable attorney's fee and costs, which he claimed was due him by the defendant for "overtime hours" worked by him as one of its employees. The action was brought under the authority of the Fair Labor Standards Act of 1938, commonly called the "Federal Wage and Hour Law," Act of June 25, 1938, c. 676, 52 Stat. 1060, Title 29 U. S. C. A., Secs. 201-219, as amended by Laws of 1939, Public Laws No. 344, August 9, 1939. His wages for overhours worked was shown to be $668.33. He recovered a judgment for that amount plus an equal amount as "liquidated damages" less $12.40. The recovery was had under the provisions of Section 16(b) of the Act.

The evidence showed without any real conflict that both Ishee and the Mengel Company were engaged in interstate as well as intrastate commerce. They were engaged in manufacturing lumber and selling it in both classes of commerce. Ishee was foreman for the mill from the time the lumber left the saws and while it went through various processes until the time it was stacked on the yard for shipment to customers both in and out of the state. There is no real substantial difference between the parties as to that fact. We, therefore, go no further with the discussion of the question.

The Mengel Company made application to the court to remove the case to the Federal District Court for the Southern District of this State and in connection therewith presented the necessary bond and otherwise complied with the removal statute. The application for

removal was denied and that action of the court excepted to. The Mengel Company then moved the court to dismiss the suit upon the ground that under the law the jurisdiction of the Federal court was exclusive and therefore the state courts were without jurisdiction. This motion was overruled and the action of the court in so doing was excepted to by the Mengel Company.

There are other questions in the case but they are not discussed and disposed of for the reason it would be useless as we have reached the conclusion that the court erred in overruling the application to remove the case to the Federal court.

The Federal statutes to be considered and construed are Sections 16(a) and 16(b) of the Wage and Hour Law; U. S. C. A., Title 28, c. 10, sec. 371, Judicial Code, Sec. 256; U. S. C. A., Title 28, c. 2, Sec. 41, Subsec. 8, Judicial Code, Sec. 24, amended; and U. S. C. A., Title 28, c. 3, Sec. 71, Judicial Code, Sec. 28, amended. They are herewith copied in the order stated above:

"Sec. 16. [Sec. 216.] (a) Any person who willfully violates any of the provisions of section 15 [215] shall upon conviction thereof be subject to a fine of not more than $10,000, or to imprisonment for not more than six months, or both. No person shall be imprisoned under this subsection except for an offense committed after the conviction of such person for a prior offense under this subsection.

"(b) Any employer who violates the provisions of section 6 [206] or section 7 [207] of this Act [chapter] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to

maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

"Section 371. The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several States:

"First. Of all crimes and offenses cognizable under the authority of the United States.

"Second. Of all suits for penalties and forfeitures incurred under the laws of the United States."

"Section 41. (8) Suits for violation of interstate commerce laws. Eighth. Of all suits and proceedings arising under any law regulating commerce."

"Section 71. Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district."

The majority of the court are of the opinion that the Act gives the State and Federal courts concurrent jurisdiction regardless of whether the 100 percent "liquidated damages" provided for in Section 16(b) is a penalty or damages; that the language in the Act "action to recover such liability may be maintained in any court of competent jurisdiction" means any State or Federal court having jurisdiction; that, therefore, the statute giving the Federal courts exclusive jurisdiction of penalties and forfeitures was modified to that extent. The view of the majority is supported by the very able opinion of the Supreme Court of Alabama in Forsyth v. Central Foundry Co., Nov. 22, 1940, 240 Ala. 277, 198 So. 706; nevertheless the writer thinks it unsound.

There being concurrent jurisdiction of the State and Federal courts, under the last Federal statute copied above, the defendant may remove it to the proper Federal court. Simkins Federal Practice, Sec. 1092, puts it in this language:

"The Federal court has jurisdiction, without reference to the citizenship of the parties, of suits at common law, or in equity, arising under the Constitution and laws of the United States, and for the removal of such cases the citizenship of the parties is immaterial."

The writer of this opinion, however, does not agree that there is concurrent jurisdiction and on account of the importance of the question is constrained to state his views. In the first place the 100 percent "liquidated damages" provided for in the Wage and Hour Law is a penalty and not damages. The name given it by the statute does not control, but instead the nature of the recovery. In other words, naming it "liquidated damages" does not settle the question. Goodstein v. Board of Levee Commissioners, 153 Miss. 783, 122 So. 856; Helwig v. United States, 180 U. S. 605, 23 S. Ct. 427, 47 L. Ed. 614; First National Bank v. Morgan, 132 U. S. 141, 10 S. Ct. 37, 38, 33 L. Ed. 282; and 21 R. C. L. 210.

In the Helwig case the Supreme Court held that "further sum" equal to 2 percent of the appraised value of the imported merchandise for each 1 percent that such appraised value exceeds the value declared in the entry which under the Federal Customs Statute may be collected from an importer for undervaluation "in addition to the duties imposed by law," 26 Stat. 131, Sec. 7, is a penalty and exclusive jurisdiction of a suit to recover such sum is therefore under the Federal statute vested in the District Courts of the United States.

In the Morgan case, the Supreme Court had under consideration a Federal statute authorizing the recovery by the borrower against national banks twice the amount of usurious interest illegally collected from him by such banks. The court held that the double recovery was a

penalty and the jurisdiction in the State and Federal courts was concurrent because that statute expressly so provided. The court used this language with reference to jurisdiction:

"A suit against a national bank to recover back twice the amount of interest illegally taken by it is a suit to recover a penalty incurred under a law of the United States; and it may be that, if the act of 1864 had been silent as to the courts which might take cognizance of such a suit, it must, at any time before the revision took effect, have been brought in the proper court of the United States. But the acts of 1864 and 1875, authorizing certain state courts to take cognizance of suits, actions, and proceedings against national banking associations, had the effect, so far as suits for penalties incurred under the laws of the United States were concerned, to modify the provision in prior enactments that expressly excluded suits for such penalties from the cognizance of state courts. When the present action was brought, the jurisdiction of the courts of the United States of suits for penalties incurred under the national banking act for taking usurious interest was not exclusive of, but concurrent with, the jurisdiction of such state, county, or municipal courts of the county or city in which the bank was located, as had jurisdiction, under the local law, in similar cases."

Section 16(b) of the Wage and Hour Law providing that the action may be brought in any court of competent jurisdiction does not abrogate to that extent the provision in the Judicial Code referred to above giving the Federal courts exclusive jurisdiction of federal crimes and forfeitures under the laws of the United States. They are to be construed together. The language "any court of competent jurisdiction" means that the persons desiring to bring the suit must go elsewhere to find what court has jurisdiction, and when he does that he finds that the jurisdiction is exclusively in the Federal courts.

Where there is concurrent jurisdiction the cause is removable into the Federal court by the defendant, but

where there is exclusive jurisdiction of the cause in the Federal court and it is brought in the State court it is not removable to the Federal court. It is removable only when the jurisdiction is concurrent. The reason is that the right of removal is derivative. Hargrave v. Mid-Continent Petroleum Corp., D. C. Okl., 36 F. Supp. 233. It is therefore the writer's opinion that jurisdiction was exclusively in the Federal court and the motion to dismiss from the State court ought to have been sustained. But if wrong about that he agrees with the majority of the court that the cause was removable.

Reversed and remanded.