## OWENS v. GREENVILLE NEWS–PIEDMONT.

### C. A. 306.

District Court, W. D. South Carolina, Greenville Division.

April 1, 1942.

W. D. Workman and W. B. McGowan, both of Greenville, S. C., for plaintiff.

Wyche, Burgess & Wofford, of Greenville, S. C., for defendant.

WYCHE, District Judge.

This case is before me upon motion of the plaintiff to remand the case to the Greenville County Court from which Court it was removed upon petition and bond for removal duly filed by the defendant.

The complaint alleges that the action is to recover unpaid overtime compensation and liquidated damages pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b); that the defendant at the times mentioned in the complaint was engaged in interstate commerce; that included in its business operations the defendant publishes a daily newspaper known as The Greenville News, which contains news items transmitted and communicated to it at Greenville, within the State of South Carolina, from points outside the State of South Carolina, and maps, cartoons, photographs, cross-word puzzles, and similar matter produced for interstate commerce and sold, offered for transportation, shipment and delivery in interstate commerce from various points outside the State of South Carolina to Greenville, within the State of South Carolina; that the defendant produces a daily newspaper for inter-

state commerce and sells, offers for transportation, shipment and delivery and does sell, ship, transport, and deliver said The Greenville News from Greenville, in the State of South Carolina, to points outside the State of South Carolina. Plaintiff further alleges that he is entitled to certain overtime wages on account of work performed in interstate commerce while working for the defendant.

The plaintiff in this action claims that the case is not removable upon the grounds, (1) that the Act confers jurisdiction specifically upon the State Court and the Federal Court and that the plaintiff has a choice of jurisdiction; (2) that the amount involved is less than Three Thousand ($3,-000) Dollars, and there is no diversity of citizenship; (3) that the action does not arise under the Constitution or laws of the United States.

Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216, reads as follows: "Any employer who violates the provisions of section 6 [206] or section 7 [207] of this Act [title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

The solution of the question involved in the motion depends upon a correct construction and interpretation of the words "action to recover such liability may be maintained in any Court of competent jurisdiction" as contained in the above section taken together with the provisions in the Judicial Code relating to original jurisdiction of United States District Courts and removal from the State Courts.

-[1-3]   A careful examination of the language of the Fair Labor Standards Act of 1938 discloses that the Congress of the United States intended to confer jurisdiction upon both the State and the Federal Courts in actions under this statute. This is not an unusual situation under our form of government. In fact, in order to remove any case from the State Court to the United States District Court, it is necessary in the first instance that the State Court shall also have jurisdiction of the case. If the State Court has no jurisdiction, then the case can not be removed to the Federal Court and if it be held that the State Court did not have jurisdiction, the case should be dismissed. Therefore, the fact that the Congress of the United States has seen fit to confer jurisdiction upon any Court of "competent jurisdiction" is no reason to hold that it was its intention to give exclusive jurisdiction to either Court, nor to repeal or modify any part of the removal statute. The Act merely provides that the plaintiff may proceed in the first instance in the State Court or the Federal Court but there is no suggestion anywhere in the Act that it was intended to deny the defendant the right to remove the case from the State Court to the Federal Court.

Much confusion has arisen in the construction of the removal statute because of failure to distinguish between Section 41(1) and Section 41(8) of Title 28 U.S.C. A. Section 41(1) provides that the District Courts of the United States shall have original jurisdiction "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different States, or (c) is between citizens of a State and foreign States, citizens, or subjects. * * * The foregoing provision as to the sum or value of the matter in controversy shall not be construed to apply to any of the cases mentioned in the *succeeding paragraphs of this section.*" (Italics added)

One of the succeeding paragraphs is Section 41(8), which provides: That the District Courts of the United States shall have original jurisdiction "Of all suits and proceedings arising under any law regulating commerce."

The removal statute, 28 U.S.C.A. § 71, provides in part as follows: "Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction, in

any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that State."

It will be observed that there are three situations in which the United States district courts may have original jurisdiction of an action brought under the Fair Labor Standards Act, (1) where the suit arises under the laws of the United States, and the matter in controversy exceeds the sum or value of $3,000, 28 U.S.C.A. § 41(1) (a); (2) where there is diversity of citizenship and the amount in controversy exceeds the sum or value of $3,000, 28 U.S.C.A. § 41(1) (b); and (3) where the suit arises under a law regulating commerce, 28 U.S.C.A. § 41(8). The amount involved in this controversy does not exceed the sum or value of $3,000. Therefore, in this case, the district court of the United States is not given original jurisdiction under Section 41(1), but it is given original jurisdiction under Section 41(8), where it is provided that the district courts shall have original jurisdiction as follows: "Of all suits and proceedings arising under any law regulating commerce."

Section 41(8) confers original jurisdiction upon the United States district courts regardless of diversity of citizenship or the amount involved. This has been repeatedly determined by the United States Supreme Court and was so determined as late as the case of Mulford v. Smith, 307 U.S. 38, 59 S.Ct. 648, 651, 83 L.Ed. 1092. The Mulford case arose under the AAA Act of 1938, 7 U.S.C.A. § 1281, and dealt with the provisions of tobacco marketing. In that case the Supreme Court of the United States said: "Before coming to the merits we inquire whether the court below had jurisdiction as a federal court or as a court of equity. Though no diversity of citizenship is alleged, nor is any amount in controversy asserted so as to confer jurisdiction under subsection (1) of section 24 of the Judicial Code [28 U.S.C.A. Section 41 (1)], the case falls within subsection (8) which confers jurisdiction upon District

Courts 'of all suits and proceedings arising under any law regulating commerce.'"

A well considered District Court opinion along this line is that of Campbell v. Superior Decalcominia Co., Inc., 31 F.Supp. 663. In that case the plaintiff brought his suit originally in the United States District Court for a sum less then $3,000, and there was no diversity of citizenship. The District Judge held that the United States District Court clearly had jurisdiction to try the case under the terms of the Fair Labor Standards Act and Section 41(8) above referred to, regardless of the value in controversy or citizenship of the parties.

See also People of Puerto Rico v. Russell & Co., 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903; Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70.

The Fair Labor Standards Act at the very outset states that it is enacted under the commerce clause of the Constitution. Section 2(b) of the Act, 29 U.S.C.A. § 202(b), provides in part: "It is hereby declared to be the policy of this act [sections 201–209 of this title] through the exercise by Congress of its power to regulate commerce among the several States, to correct and as rapidly as practicable to eliminate the conditions," etc.

The provisions throughout are an attempt to regulate commerce. Not only does the Act itself show that it is a law regulating commerce but the very complaint of the plaintiff sets forth allegations founded upon the claim that the defendant is engaged in interstate commerce under the terms of that Act and that the plaintiff as an employee was engaged in interstate commerce under the terms of the Act.

The removal statute, Section 71, Title 28 U.S.C.A., provides that any suit at law or in equity arising under the laws of the United States of which the district courts of the United States are given original jurisdiction may be removed by the defendant to the district court for the proper district. The present suit is clearly a suit at law arising under the laws of the United States, of which the district court of the United States is given original jurisdiction under Section 41(8). See State of South Carolina v. South Carolina E. & Gas Co., D.C., 41 F.Supp. 111, at page 116.

In the case of Robertson v. Argus Hosiery Mills, Inc., 32 F.Supp. 19, the District Court held that it did not have

jurisdiction of a suit brought under the Fair Labor Standards Act upon the grounds (1) that the amount sued for was less than $3,000, and (2) that the case did not arise under a law of the United States. The reasoning of the case was similar to that of other District Courts which hold the Federal Court is without jurisdiction of these cases. Upon appeal to the Circuit Court of Appeals for the Sixth Circuit, the Court reversed the District Court upon both grounds in a well considered opinion written by Judge Allen, in which the Court holds as follows:

"However, we think the court erred in dismissing the petition, for clearly it had jurisdiction of the controversy under Title 28, § 41(8), U.S.C., 28 U.S.C.A. § 41(8), which gives the District Courts jurisdiction of all suits arising under any law regulating commerce. If this suit arose under such a law, the citizenship of the parties and the sum or value in controversy is immaterial. [Citing authorities].

"Obviously the appellant would not have been entitled to file this action if it were not for the enactment of the statute which creates the cause of action. Section 16(b), Fair Labor Standards Act of 1938, Title 29, § 216(b), U.S.C., 29 U.S.C.A. § 216(b). The express purpose of the statute is to regulate commerce among the several states through the elimination of labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of the workers. The statute has been held constitutional on the specific ground that it regulates interstate commerce. United States v. Darby, 312 U.S. 100, [657], 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430; Opp Cotton Mills, Inc., v. Administrator of Wage and Hour Division, 312 U.S. 126, [657], 61 S.Ct. 524, 85 L.Ed. 624.

"We see no merit in the attempted distinction drawn by appellee that although the Act itself regulates commerce, a cause of action established under it and necessary to the enforcement of the Act does not arise under a law regulating commerce. Assuming, but not deciding that the statute conferring jurisdiction upon federal courts is construed more strictly than the commerce clause of the Constitution, Art. I, § 8, the fact remains that this action falls within the precise terms of § 41(8), Title 28, U.S.C., 28 U.S. C.A. § 41(8). The action complies with the applicable tests of such proceedings as laid down by the courts in a long line of decisions, namely, that it grows out of the legislation of Congress (Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648), and really and substantially involves a controversy respecting the construction or effect of the statute upon the determination of which the result depends." Robertson v. Argus Hosiery Mills, Inc., 121 F.2d 285, 286.

In the case of Ricciardi v. Lazzara Baking Corporation, D.C., 32 F.Supp. 956, 957, Judge Fake, in passing upon a motion to remand a suit which had been removed from the State Court to the Federal Court, said:

"The plaintiff seeks to recover the sum of $119.83 for overtime, said amount being figured on the basis of one and a half times his regular hourly rate and the like sum as damages, together with a counsel fee of $75. The suit is based on alleged violations of the Wage and Hour Act, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq., wherein it is specifically provided that 'Action to recover such liability may be maintained in any court of competent jurisdiction * * *.' 29 U.S.C.A. § 216. It is conceded by counsel that a federal question is involved, that it relates to interstate commerce, and were it not for the above language of the Act and a question of estoppel, the removal would be valid. It is further conceded that as between this court and the local or city district court, there is concurrent jurisdiction.

"In urging a remand, counsel takes the position that the above quoted language of the statute vested jurisdiction in the local court without subjecting the case to removal. In other words the local court having first taken jurisdiction holds the case against any other court of concurrent jurisdiction. This rule, however, can not be given such a broad construction. It is settled, for example, that when bankruptcy supervenes, all courts save only the bankruptcy court are stayed and may not proceed against the bankrupt. So here, if it appeared that the defendant had been adjudicated a bankrupt, it could not successfully be contended that the local court could proceed with the trial. Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645. Certainly the language of the statute in question can not be so broadly construed as to amount

to any amendment to the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., and by the same token it can not be held to limit or amend the provisions of the Removal Act. Counsel stresses the dictionary meaning of the word 'maintained' as connoting 'to hold possession of—to keep effectively' and the like, but reference to the word in Corpus Juris 38, p. 336, furnishes definitions in reported cases holding that 'maintained' is synonymous with 'commenced'. In fact so many different and conflicting constructions appear to have been given to the word, according to the citations in Corpus Juris, that its character for exactitude of meaning is badly damaged. It would be indeed dangerous to conclude that a word so weakened could be used to amend the Removal Act and to do so would be to enter the legislative sphere. If Congress had intended to prevent the removal of causes arising under the Wage and Hour law, it would have used language more pertinent to that end."

In a case decided December 8, 1941, by the Supreme Court of Mississippi, the lower court was reversed because of its failure to remove a case similar to the instant case from the State court to the Federal court. Mengel Company v. Ishee, 4 So. 2d 878.

Heretofore when Congress has intended to deny the right to remove a case in which the State and Federal courts are given concurrent jurisdiction, it has so stated. Under the provisions of the Employers' Liability Act, 45 U.S.C.A. § 51 et seq., both the State and Federal Courts are given jurisdiction. After the enactment of the original law, Congress decided it would deny the defendant the right to remove a case to the Federal Court and the Act was amended to that effect, by the following provision: "The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States, and no case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 45 U.S.C.A. Section 56.

Not only was the Employers' Liability Act amended as above indicated, but the Removal Statute was also amended to conform with the Employers' Liability Act by the insertion of the following sentence: "No case arising under sections 51 to 59 of Title 45, and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 28 U.S.C.A. § 71.

Again in 1914, the Congress decided to deny the defendant the right of removal in certain cases brought against railroads for damages on account of delay, etc., and again the Removal Statute was amended by adding the following sentence: "No suit brought in any State court of competent jurisdiction against a railroad company, or other corporation, or person, engaged in and carrying on the business of a common carrier, to recover damages for delay, loss of, or injury to property received for transportation by such common carrier under section 20 of Title 49, shall be removed to any court of the United States where the matter in controversy does not exceed, exclusive of interest and costs, the sum or value of $3,000."

It thus appears that when the Congress of the United States really intends to withdraw the privilege accorded the defendant to remove his case from the State Court to the Federal Court, it so states in clear and unambiguous language. There is no such provision in the Fair Labor Standards Act of 1938.

In overruling a motion to remand in a suit by the holders of cotton warehouse receipts issued subject to the United States Warehouse Act for the value of cotton destroyed by fire, then District Judge Holmes, now Circuit Judge of the Fifth Circuit, very aptly said:

"The plaintiffs had the option to sue either in a state or federal court. Galveston, H. & S. A. Ry. Co. v. Wallace, 223 U.S. 481, 32 S.Ct. 205, 56 L.Ed. 516. But, in case of suit in the state court, the defendant may remove to the federal court, the action involving the construction of a federal statute. There is no special inhibition against removal in the United States Warehouse Act, such as is in the Employers' Liability Act [45 U.S.C.A. §§ 51–59] and the Safety Appliance Act [45 U.S.C.A. § 1 et seq.]

"*The intention to deprive a litigant of the right to remove a case, otherwise removable, cannot be presumed, but must be evidenced by the use of appropriate language.* It is immaterial what rights the plaintiff have at common law or by state statute. It is sufficient that Congress, by the enactment of the Warehouse Act, has given the positive sanction of federal law

to rights acquired by depositing cotton or other agricultural products in accordance with the terms of the act and regulations promulgated under it. *Any case involving the enforcement of those rights arises under the laws of the United States regulating commerce."* Young & Jones v. Hiawatha Gin & Mfg. Co., D.C., 17 F.2d 193, 195.

For the foregoing reasons, it is my opinion that this case has been properly removed from the County Court of Greenville to this Court, and that the motion to remand must accordingly be refused.