## McGARRIGLE v. 11 WEST FORTY-SECOND STREET CORPORATION.

District Court, S. D. New York.

Dec. 17, 1942.

Shanley, Purcell & McKegney, of New York City (William F. Purcell, of New York City, of counsel), for plaintiff.

Proskauer, Rose, Goetz & Mendelsohn, of New York City (J. Alvin Van Bergh, of New York City, of counsel), for defendant.

HULBERT, District Judge.

This is a motion to remand. Plaintiff brought this action in the Supreme Court of the State of New York, County of Bronx, to recover the sum of $1,700 overtime compensation and liquidated damages under the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq.

The defendant corporation is the owner and operator of a 32-story office building located at 11 West 42nd St., Borough of Manhattan, City and State of New York, and employed the plaintiff as a watchman, building attendant and elevator operator at said premises.

There is no diversity of citizenship.

The case was removed here as one arising under the Constitution and Laws of the United States of which this court has original jurisdiction, Title 28 U.S.C.A. § 41, subdivision (8).

Removal is sought on four grounds:

1. That the Act specifically confers jurisdiction upon the Supreme Court, Bronx County.

2. That the petition to remove was not filed within the time limited by law.

3. That defendant consented to the jurisdiction of the Supreme Court, Bronx County, and therefore waived its right to remove the action.

4. That defendant's admitted purpose in removing the action was to obtain additional time in which to answer or move and, if possible, to obtain an order staying plaintiff from prosecuting the action.

The second, third and fourth grounds are without merit.

The pertinent provision (Sec. 16(b) of the Fair Labor Standards Act reads, in part, as follows: "Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees. * * *"

There is no doubt in my mind that the State Court in which the action is brought is a "court of competent jurisdiction."

Section 28 of the Judicial Code, as amended, 28 U.S.C.A. § 71, provides: "Removal of suits from State courts. Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States * * * of which the district courts of the United States are given original jurisdiction, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district."

The precise question has been passed upon in the case of Owens v. Greenville News-Piedmont, D.C., 43 F.Supp. 785.

While I realize that the precedent established in the case cited, if followed by me, is likely to bring to this court a considerable number of cases, many of which could be brought and disposed of in local courts with less inconvenience to the litigants, and if removed here will add to our already overburdened calendars, nevertheless, until the Congress shall amend the statute to provide as in the cases, specified in the opinion of Judge Wyche, its intention that actions brought in the State Court under this Act shall not be removed, I feel constrained to follow the well reasoned opinion in the Owens case and deny the motion. Settle order on two days' notice.