RICHARD SHERIDAN, Plaintiff, *v.* NICHOLAS A. LEITNER et al., Defendants.

City Court of New York, Special Term, New York County, September 30, 1943.

*Cravath, de Gersdorff, Swaine & Wood* for defendants.

*Joseph A. Kennedy* for plaintiff.

BYRNES, Ch. J.  The defendants in this action, brought under the provisions of the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*), move to transfer this cause to the Federal district court.  The action was instituted in this court, and there is no question that under the provisions of the Act this court has jurisdiction.  " Action to recover such liability may be maintained in any court of competent jurisdiction ". [Act, § 16, subd. (b); U. S. Code, tit. 29, § 216, subd. (b).]  The pertinent section to be considered on this application is section 28 of the Judicial Code as amended (U. S. Code, tit. 28, § 71):  " *Removal of suits from State courts.*  Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States,  *  *  *  of which the district courts of the United States are given original jurisdiction  *  *  *  may be removed by the defendant or defendants therein to the district court of the United States ".  The leading case in this district is *McGarrigle* v. *11 West Forty-Second Street Corp.* (48 F.

Supp. 710), in which the precise question was passed upon, Judge HULBERT holding that the defendant has an absolute right to such removal, citing therein *Owens* v. *Greenville News-Piedmont* (43 F. Supp. 785). There have been many other decisions written on the question which are not in accord with the holding of Judge HULBERT (*Phillips* v. *Pucci*, 43 F. Supp. 253; *Wingate* v. *General Auto Parts Co.*, 40 F. Supp. 364; *Kuligowski* v. *Hart*, 43 F. Supp. 207), and others that are in accord with the holding of the Southern District of New York (*Owens* v. *Greenville News-Piedmont, supra*; *Ricciardi* v. *Lazzara Baking Corp.*, 32 F. Supp. 956; *Hargrave* v. *Mid-continent Petroleum Corp.*, 36 F. Supp. 233). On previous occasions when this question has been presented before me, I have followed the ruling laid down in the *Owens* case.

The New York decisions cited by the attorney for the plaintiff are not applicable as they relate not to the right of removal, but only to the question of jurisdiction of our State courts.

The motion of the defendants to remove said cause to the United States District Court, Southern District of New York, is granted.

Settle order on notice.