## SONNESYN v. FEDERAL CARTRIDGE CO.
### Civil Action No. 1036.

District Court, D. Minnesota, Fourth Division.

Feb. 14, 1944.

30

Edward A. Danforth (of Fowler, Young-quist, Furber, Taney & Johnson), of Minneapolis, Minn., for plaintiff.

George C. Stiles and Henry F. Simons, both of Minneapolis, Minn., and Bert E. Church, Major, J.A.G.D., Litigation Officer, Seventh Service Command, of Kansas City, Mo., for defendant.

JOYCE, District Judge.

Plaintiff's motion to remand came on for hearing on December 13, 1943. Arguments were had, and the court by order entered on said date overruled the motion. This memorandum is filed in explanation of such action.

This suit, originally filed in the District Court of Hennepin County, Minnesota, Fourth Judicial District, seeks recovery under the Fair Labor Standards Act of 1938 of the sum of $1,451.07 alleged overtime compensation, the further sum of $1,451.-07 as liquidated damages, a reasonable attorney's fee, and costs of the action.

Removal of this proceeding was taken to this court upon the grounds, that the action is a suit arising under a law regulating commerce, to-wit: the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C.A. §§ 201 to 219; that the suit is one over which the District Courts of the United States are given original jurisdiction, regardless of amount involved, as an action arising under a law regulating commerce, 28 U.S.C.A. § 41(8). Further, that since the plaintiff is suing for $2,902.14, plus a reasonable attorney's fee, which it is believed would be not less than $100, the actual amount involved, exclusive of interest and costs, is in excess of $3,000.

Title 28 U.S.C.A. § 71, enumerates the types of cases removable from state courts

to the United States district courts. Such section provides:

"Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that State. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

■ It will be noted from the above quotation that for a case to be removable to the United States district court, it is necessary only that the following two elements be present:

1. That said suit arises under the laws of the United States (or that the defendant or defendants be nonresidents of the State); and

2. That said suit be one of which the United States district courts are given original jurisdiction.

Title 28 U.S.C.A. § 41, provides in part:

"The district courts shall have original jurisdiction as follows:

"(1) United States as plaintiff; civil suits at common law or in equity. * * * The foregoing provision as to the sum or value of the matter in controversy shall not be construed to apply to any of the cases mentioned in the succeeding paragraphs of this section. * * *

"(8) Suits under interstate commerce laws. Eighth. Of all suits and proceedings arising under any law regulating commerce."

In determining the amount in controversy for jurisdictional purposes, it has been frequently held that the attorney's fee may properly be aggregated with the principal sum, such attorney's fee not being "interest" or "costs" within the meaning of the Federal Removal Act. See Springstead v. Crawfordsville State Bank, 231 U.S. 541, 34 S.Ct. 195, 58 L.Ed. 354; Missouri State Life Ins. Co. et al. v. Jones Adm'r, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267; Nathan v. Rock Springs Distilling Co., 6 Cir., 10 F.2d 268; Wilson v. Alliance Life Ins. Co., 5 Cir., 108 F.2d 150; Merrigan v. Metropolitan Life Ins. Co., D.C.E.D.Louisiana, 43 F.Supp. 209; Prudential Ins. Co. of America v. Carlson, 10 Cir., 126 F.2d 607.

■ It seems, however, that under 28 U.S.C.A. § 41(8), supra, the provision of the Removal Act as to sum or value of the matter in controversy has no application to suits and proceedings arising under any law regulating commerce, such as the instant case.

The authorities are numerous which hold that the United States district courts have original jurisdiction of suits arising under the Fair Labor Standards Act of 1938, notwithstanding the fact that the amount involved is less than $3,000, and notwithstanding the fact that there exists no diversity of citizenship. See Robertson v. Argus Hosiery Mills, 6 Cir., 121 F.2d 285; Campbell v. Superior Decalcominia Co., Inc., D.C.N.D. Texas, 31 F. Supp. 663; Townsend et al. v. Boston & M. R. R. (Townsend v. Palmer et al.), D.C.D. Mass., 35 F.Supp. 938; Martin v. Lain Oil & Gas Co., D.C.E.D Illinois, 36 F.Supp. 252; Lefevers v. General Export Iron & Metal Co., D.C.S.D. Texas, 36 F. Supp. 838; Missel v. Overnight Motor Transp. Co., Inc., D.C.D. Maryland, 36 F. Supp. 980.

■ The wording in Section 41, above quoted, which gives the United States district courts original jurisdiction of suits of this nature, to-wit: Of all suits and proceedings "arising under any law regulating commerce," is identical with the phraseology of Section 71, upon which the defendants rely as giving them grounds for removal. Section 71 provides that any suits "arising under the Constitution or laws of the United States", and of which the United States district courts have original jurisdiction, are removable. So that it would seem to follow that if actions under the Fair Labor Standards Act of 1938 are suits arising under a federal law for the purpose of conferring original jurisdiction, they are likewise suits arising

under federal law for the purpose of removal.

While the authorities upon this proposition are in conflict, nevertheless I feel that those which hold that suits under the Fair Labor Standards Act are removable, regardless of citizenship, are the better reasoned ones and should be followed. The authorities holding to the contrary almost universally hold that no cases under the Fair Labor Standards Act are removable regardless of amount, or diversity of citizenship. The effect of such decisions, it would seem, is to hold that the Fair Labor Standards Act repealed, by implication, all of the provisions of the code upon removal of actions to the United States district courts.

Among other authorities holding that Fair Labor Standards Act cases are removable, the court in Ricciardi v. Lazzara Baking Corporation, D.C.D.N.J., 32 F.Supp. 956, 957, said:

"The plaintiff seeks to recover the sum of $119.83 for overtime, said amount being figured on the basis of one and a half times his regular hourly rate and the like sum as damages, together with a counsel fee of $75. The suit is based on alleged violations of the Wage and Hour Act, 52 Stat. 1060, 29 U.S.C.A., § 201 et seq., wherein it is specifically provided that 'action to recover such liability may be maintained in any court of competent jurisdiction * * *.' 29 U.S.C.A. § 216. It is conceded by counsel that a federal question is involved, that it relates to interstate commerce, and were it not for the above language of the Act and a question of estoppel, the removal would be valid. It is further conceded that as between this court and the local or city district court, there is concurrent jurisdiction.

"In urging a remand, counsel takes the position that the above quoted language of the statute vested jurisdiction in the local court without subjecting the case to removal. In other words the local court having first taken jurisdiction holds the case against any other court of concurrent jurisdiction. This rule, however, can not be given such a broad construction. It is settled, for example, that when bankruptcy supervenes, all courts save only the bankruptcy court are stayed and may not proceed against the bankrupt. So here, if it appeared that the defendant had been adjudicated a bankrupt, it could not successfully be contended that the local court could

proceed with the trial. Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645. Certainly the language of the statute in question can not be so broadly construed as to amount to an amendment to the Bankruptcy Act, 11 U.S. C.A., § 1 et seq., and by the same token it can not be held to limit or amend the provisions of the Removal Act. Counsel stresses the dictionary meaning of the word 'maintained' as connoting 'to hold possession of—to keep effectively,' and the like, but reference to the word in Corpus Juris 38 p. 336, furnishes definitions in reported cases holding that 'maintained' is synonymous with 'commenced.' In fact so many different and conflicting constructions appear to have been given to the word, according to the citations in Corpus Juris, that its character for exactitude of meaning is badly damaged. It would be indeed dangerous to conclude that a word so weakened could be used to amend the Removal Act and to do so would be to enter the legislative sphere. If Congress had intended to prevent the removal of causes arising under the Wage and Hour law, it would have used language more pertinent to that end."

In Mengel Co. v. Ishee, 192 Miss. 366, 4 So.2d 878, 879, the court said in part:

"There being concurrent jurisdiction of the State and Federal courts, under the last Federal statute copied above, the defendant may remove it to the proper Federal court. Simkins Federal Practice, § 1092, puts it in this language:

" 'The Federal court has jurisdiction, without reference to the citizenship of the parties, of suits at common law, or in equity, arising under the Constitution and laws of the United States, and for the removal of such cases the citizenship of the parties is immaterial.' "

In Owens v. Greenville News-Piedmont, D.C.W.D.S.C., 43 F.Supp. 785, the court said:

"It thus appears that when the Congress of the United States really intends to withdraw the privilege accorded the defendant to remove his case from the State Court to the Federal Court, it so states in clear and unambiguous language. There is no such provision in the Fair Labor Standards Act of 1938.

"In overruling a motion to remand in a suit by the holders of cotton warehouse receipts issued subject to the United States

Warehouse Act for the value of cotton destroyed by fire, then District Judge Holmes, now Circuit Judge of the Fifth Circuit, very aptly said:

" 'The plaintiffs had the option to sue either in a state or federal court, Galveston, H. & S. A. R. Co. v. Wallace, 223 U.S. 481, 32 S.Ct. 205, 56 L.Ed. 516. But, in case of suit in the state court, the defendant may remove to the federal court the action involving the construction of a federal statute. There is no special inhibition against removal in the United States Warehouse Act, such as is in the Employers' Liability Act (45 U.S.C.A. §§ 51–59) and the Safety Appliance Act (45 U.S.C.A. § 1 et seq.)

" 'The intention to deprive a litigant of the right to remove a case, otherwise removable, cannot be presumed, but must be evidenced by the use of appropriate language. It is immaterial what rights the plaintiff have at common law or by state statute. It is sufficient that Congress, by the enactment of the Warehouse Act, has given the positive sanction of federal law to rights acquired by depositing cotton or other agricultural products in accordance with the terms of the act and regulations promulgated under it. Any case involving the enforcement of those rights arises under the laws of the United States regulating commerce.' Young & Jones v. Hiawatha Gin & Mfg. Co., D.C., 17 F.2d 193, 195.

"For the foregoing reasons, it is my opinion that this case has been properly removed from the County Court of Greenville to this Court, and that the motion to remand must accordingly be refused." (43 F.Supp. at pages 789, 790).

In Harris v. Reno Oil Co., D.C.N.D. Tex., 48 F.Supp. 908, the court said:

"Plaintiff brought his suit in the state district court of Wichita County, Texas, under the Fair Labor Standards Act, for something over $4,000. The defendant removed to the national court which has a division in the same city and county alleging a diversity of citizenship. The plaintiff now moves to remand.

"The Act permits such a suit to be maintained in any court of competent jurisdiction. Act of 1938, §§ 6, 7, 16(b), 29 U.S.C.A. §§ 206, 207, 216(b); Judicial Code, § 28, 28 U.S.C.A. § 71. Emphasis is laid upon the word 'maintained,' by the plaintiff. He contends that it should be so con-

strued as to hold the case where he saw fit to bring it. The defendant argues that since the amount in controversy is over $3,000, and there is a diversity of citizenship, that the right of removal has not been taken away by the Act.

"We are not thoroughly advised as to the views of the Congress with reference to the limits of the word 'maintained'. The dictionary gives it considerable scope, but the right of the citizen to choose his forum, when he has two that are open to him, must be exercised with the knowledge that his opponent also has access to such statutes as are in full force and effect.

"When one sues a nonresident for an amount within the national court jurisdiction, it is the right of the nonresident to remove that action. There is nothing in the Act we are now studying which deprives the nonresident of that right, nor is there any indication that the Congress meant such deprivation.

"Some of the decisions in reasoning for the retention of the cause, for lesser amounts, in the local courts, speak of small claims, the remoteness that might result in the seat of litigation if the action had to be tried in a national court. It happens that neither of those reasons is applicable here. The national court has a division in the same county in which the suit was instituted and the amount in controversy is substantial."

In McGarrigle v. 11 West Forty-Second Street Corporation, D.C.S.D.N.Y., 48 F. Supp. 710, 711, the court said:

"Plaintiff brought this action in the Supreme Court of the State of New York, County of Bronx, to recover the sum of $1,700 overtime compensation and liquidated damages under the Fair Labor Standards Act of 1938. 52 Stat. 1060, 29 U.S. C.A. § 201 et seq.

\* \* \* \* \*

"There is no diversity of citizenship. The case was removed here as one arising under the Constitution and laws of the United States of which this court has original jurisdiction, Title 28 U.S.C.A. § 41, subdivision (8).

\* \* \* \* \*

"There is no doubt in my mind that the State Court in which the action is brought is a 'court of competent jurisdiction.'

"Section 28 of the Judicial Code, as amended, 28 U.S.C.A. § 71, provides: 'Re-

moval of suits from State Courts. Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States * * * of which the district courts of the United States are given original jurisdiction, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district.'

"The precise question has been passed upon in the case of Owens v. Greenville News-Piedmont, D.C., 43 F.Supp. 785.

"While I realize that the precedent established in the case cited, if followed by me, is likely to bring to this court a considerable number of cases, many of which could be brought and disposed of in local courts with less inconvenience to the litigants, and if removed here will add to our already overburdened calendars, nevertheless, until the Congress shall amend the. statute to provide as in the cases, specified in the opinion of Judge Wyche, its intention that actions brought in the State court under this Act shall not be removed, I feel constrained to follow the well reasoned opinion in the Owens case and deny the motion."

Under Title 28 U.S.C.A. § 71 a case may be removed to the United States district court upon the ground that the action arises under the Constitution or laws of the United States, with equal propriety as an action may be removed upon the ground of diversity of citizenship. The section makes said respective matters equal grounds for removal. Hence, it seems plain that there is little basis for saying that suits under the Fair Labor Standards Act which involve diversity of citizenship, are removable, while suits under said Act arising under the Constitution or laws of the United States, are not removable. Such an interpretation would disregard those portions of the removal acts which makes these matters equal and co-extensive grounds for removal. See Cox v. Gatliff Coal Co., D.C., 52 F.Supp. 482.

In Shulthis v. McDougal and Berryhill v. Shulthis, 225 U.S. 561, 32 S.Ct. 704, 706, 56 L.Ed. 1205, the Supreme Court prescribed terms under which a suit or action is one arising under the laws of the United States, by the use of the following language:

"A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends."

In Robertson v. Argus Hosiery Mills, Inc., 6 Cir., 121 F.2d 285, 286, the court adopted the wording used by the United States Supreme Court in Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L. Ed. 1205, and expressly and specifically stated that suits under the Fair Labor Standards Act of 1938 come within the definition of suits "arising under the * * * laws of the United States", as interpreted by the United States Supreme Court. The court in holding that the suit under the Fair Labor Standards Act of 1938 "* * * really and substantially involves a controversy respecting the construction or effect of the legislation upon the determination of which the result depends" as required by the test laid down by the United States Supreme Court, said:

"We see no merit in the attempted distinction drawn by appellee that although the Act itself regulates commerce, a cause of action established under it and necessary to the enforcement of the Act does not arise under a law regulating commerce. Assuming, but not deciding that the statute conferring jurisdiction upon federal courts is construed more strictly than the commerce clause of the Constitution, Art. I, § 8, the fact remains that this action falls within the precise terms of § 41(8), Title 28, U.S.C., 28 U.S.C.A. § 41(8). The action complies with the applicable tests of such proceedings as laid down by the courts in a long line of decisions, namely, that it grows out of the legislation of Congress, ([State of] Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648), and really and substantially involves a controversy respecting the construction or effect of the statute upon the determination of which the result depends. Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205." Certiorari denied 314 U.S. 681, 62 S.Ct. 181, 86 L.Ed. 544.

Since Section 71, Title 28 U.S.C.A., regarding removal of suits, uses identically the same language as Section 41, Title 28 U.S.C.A., regarding original Federal Court jurisdiction of suits, in that in both instances the actions must "arise" under a law of the United States, it is apparent

that the reasoning of the Circuit Court of Appeals is equally applicable to removal of actions as to Federal Court original jurisdiction of actions.

The only United States Circuit Court of Appeals which to my knowledge has had an opportunity to pass upon this question, has, by implication, approved the removal of cases arising under the Fair Labor Standards Act of 1938 from the State courts to United States district courts. In Mid-Continent Pipe Line Co. et al. v. Hargrave, 10 Cir., 129 F.2d 655, 657, in passing upon a suit for $1,295.72 under the Fair Labor Standards Act of 1938, which had been removed to the federal district court, the court said:

"The cause was removed to the United States Court for Eastern Oklahoma and there tried without a jury; three of the persons disclaimed during the trial; findings of fact and conclusions of law were made in which it was found and concluded that forty-four of the claimants were entitled to overtime compensation and liquidated damages in respective specified sums, and that attorneys' fees in the lump sum of $750 should be allowed. Judgment was rendered in favor of plaintiff for $1,295.92, the aggregate amount of the overtime compensation and liquidated damages, and for the attorneys' fees. Both companies appealed."

In the above case, as in the instant case, a motion was made to remand the action, as not being removable, but the Circuit Court of Appeals with the question before it, took no attitude suggesting that the case had been improperly removed. In its opinion the court further said:

"Plaintiff moved to remand the action, and the companies moved to dismiss it on jurisdictional grounds. * * *

"The final contention is that plaintiff was not the real party in interest, that the action was not maintainable in his name in the state court, and that on removal to the United States Court it could not be maintained in that manner, * * * State and federal courts are vested with concurrent jurisdiction of suits of a civil nature arising under the laws of the United States, except where Congress has expressly limited jurisdiction to the federal courts. In the absence of such an express limitation, a state court of general jurisdiction will enforce a right of civil recovery arising under an act of Congress and sus-

ceptible of adjudication conformably to the prevailing rules of procedure. Grubb v. Public Utilities Commission of Ohio, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972. Instead of Congress limiting to the federal courts jurisdiction of an action for the recovery of overtime compensation and liquidated damages under the act, it expressly provided that such an action may be maintained in any court of competent jurisdiction. And the district courts in Oklahoma are courts of general jurisdiction. Section 16(b), supra, and Title 12, section 223, supra, construed together, clearly authorized the maintenance of the action in the state court in the name of the agent, and it was likewise maintainable in that manner after removal."

If the action involved had been improperly removed from the state court to the federal court, and if the United States District Court failed to acquire jurisdiction by said removal, it would have been the duty of the Circuit Court of Appeals to have remanded the action of its own motion.

It is further contended that cases arising under the Fair Labor Standards Act are not removable to the United States district court because the Fair Labor Standards Act says that an action may be "maintained" in any court of competent jurisdiction. To hold that "maintained" requires that the action permanently remain in the state court where it is filed, would, by implication, not only repeal the United States Code with reference to the removal of actions, but it would also prevent a change of courts by change of venue, by appeal, or by bankruptcy. I think it must be conceded that no such result was intended. The following cases demonstrate that the word "maintain", as it has been construed by the courts, has not a sufficiently definite meaning to use it as a basis for attributing to Congress an intention to repeal, by implication, the removal statutes in cases of this kind.

In Boutiller v. The Milwaukee, 8 Minn. 97 (Gil 72), the court said:

"It cannot be seriously urged that the word 'maintained,' as used in speaking of the deceased having his action against the wrong doer, can mean other than commence, institute, or begin an action; and the same expression occurring in the same sentence, in reference to the same subject, to wit, the suit against the trespasser, can-

not reasonably be held to have two different significations."

In Grasso v. Holbrook, Cabot & Daly Contracting 'Co., 102 App.Div. 49, 92 N.Y. S. 101, 103, a suit under the Employers' Liability Act, the court said, referring to the meaning of the word "maintained" as used in the statute, "I think that the word 'maintained' in this statute is synonomous or equipollent with the word 'begun'· or 'commenced' * * *".

In Smith v. Lyon, 44 Conn. 175, the court said:

"Nor are we willing to overthrow a rule so firmly founded in justice upon the plaintiff's suggestion as to the word 'maintained;' for we do not think that, as used in the act, it in itself imports retroactive intent on the part of the legislature. A critical analysis of it would doubtless disclose the idea of continuing a life already commenced; but men both in and out of the profession often speak of maintaining an action, having reference to one yet to be instituted."

In Creditors' Adjustment Co. v. Rossi, 26 Cal.App. 725, 148 P. 528, 529, a suit was brought by a plaintiff doing business under a fictitious name without having filed the certificate required by a statute. The statute was passed after the suit was instituted. The statute denied to any person in that situation the right to "maintain any action." Civ.Code, § 2468. The court said: "The word 'maintain' as here used, means to commence, institute, begin or bring."

In Burbank v. Inhabitants of Auburn, 31 Me. 590, an act was passed providing that "no action shall hereafter be maintained," etc. It was sought to apply the statute to a pending case by motion to dismiss. The court sustained the plaintiff's contention that "the word 'maintained' in the first section, has the import of 'brought'".

As was indicated in the case of Owens v. Greenville News-Piedmont, D.C., 43 F. Supp. 785, there is no special inhibition against removal of Fair Labor Standards Act cases to the Federal Court, such as in the Employers' Liability Act, 45 U.S.C.A. §§ 51–59, and the Safety Appliance Act, 45 U.S.C.A. § 1 et seq. The special inhibitions against removal in the above cited acts demonstrate that when Congress intends to withdraw the privilege accorded a defendant to remove his case from the state court to the federal court, it so states in clear and unambiguous language.

▮ Further, I do not think the removal acts were repealed, by implication, by the Fair Labor Standards Act. Repeal of statutes by implication is not favored, and implied repeal will not be presumed unless a plain legislative intent to repeal appears. The implication must be clear, necessary and irresistible. 59 C.J., Statutes, Sec. 510; 25 R.C.L.Statutes, Sec. 169; Thomas Wood, Junior, Claimant of twenty-two Packages or Pieces of 'Cloth, v. United States, 41 U.S. 342, 10 L.Ed. 987; United States v. Burroughs and Cannon, Jr., 289 U.S. 159, 53 S.Ct. 574, 77 L.Ed. 1096. It may be presumed that Congress, in enacting a statute, acts with full knowledge of existing statutes relating to the same subject, and where express terms of repeal are not used, the presumption is always against an intention to repeal an earlier statute. 59 C.J., Statutes, 511; 25 R.C.L., Statutes, 169; United States v. Burroughs and Cannon, Jr., 289 U.S. 159, 53 S.Ct. 574, 576, 77 L.Ed. 1096. In the Burroughs and Cannon case, the United States Supreme Court said:

"The Criminal Appeals Act, * * * affects only certain special classes of decisions in district courts, contains no repealing clause, and no reference to the courts of the District of Columbia or the territorial courts, upon many of which jurisdiction is conferred by language quite similar to that of the Code of Law of the District. We cannot construe it as impliedly repealing the complete appellate system created for the District of Columbia by section 935 of the Code 1901, in the absence of expression on the part of Congress indicating that purpose. Implied repeals are not favored, and if effect can reasonably be given to both statutes the presumption is that the earlier is intended to remain in force." ('Citing cases.)

The reasoning used by the United States Supreme Court in the last cited case is directly applicable to the present case. There the court states that a certain law could not be construed as impliedly repealing the appellate system created for the District of Columbia, in the absence of a direct expression on the part of Congress indicating that purpose. With the same reasoning, it cannot be presumed that Congress intended to impliedly repeal the complete United States Code with ref-

erence to removal of cases from state courts to United States district courts, by the adoption of the Fair Labor Standards Act of 1938.

"Statutes which apparently conflict with each other are to be reconciled, as far as may be, on any fair hypothesis, and validity given to each if it can be, * * *." Beals v. Hale, 45 U.S. 37, 11 L.Ed. 865. There is no conflict, however, between the Fair Labor Standards Act of 1938 and the removal acts. The Fair Labor Standards Act authorizes the bringing of such suits, regardless of amounts, in either the state courts or the United States District courts. The removal acts authorize the removal of such cases to the United States district court, upon proper application, to the same extent as it authorizes the removal of any other types of cases of which both courts, state and federal, have equal and concurrent original jurisdiction.

Therefore, it is my opinion that the authorities cited sustain the conclusion that Fair Labor Standards Act cases are removable to the Federal Court and that plaintiff's motion to remand the action to the State Court should be denied.