## TOBIN v. HERCULES POWDER CO.

## SAME v. DRAVO CORPORATION.

Nos. 653, 654.

District Court, D. Delaware.

Nov. 27, 1945.

James R. Morford and Thomas Cooch, both of Wilmington, Del. (of Marvel & Morford), of Wilmington, Del., for plaintiff.

Francis A. Reardon, Asst. U. S. Atty., of Wilmington, Del., for defendants.

LEAHY, District Judge.

The right of removal in these cases has been subject to much contrariety of judicial opinion.[2] Owens v. Greenville News-Piedmont, D.C., 43 F.Supp. 785; McGarrigle v. 11 W. 42nd St. Corp., D.C., 48 F.Supp. 710; Sonnesyn v. Federal Cartridge Co., D.C., 54 F.Supp. 29, take the view that removal is proper, whereas Phillips v. Pucci, D.C., 43 F.Supp. 253; Booth v. Montgomery Ward & Co., D.C., 44 F.Supp. 451; Garner v. Mengel Co., D.C., 50 F.Supp. 794; Brantley v. Augustus Ice & Coal Co., D.C., 52 F.Supp. 158; Sheridan v. Leitner et al., D.C., 59 F.Supp. 1011; Wingate v. General Auto Parts Co., D.C., 40 F.Supp. 364, hold that there was a congressional intent to restrict by Sec. 16(b) of the Fair Labor Standards Act the scope of the Removal Act. After much inner debate, I have concluded to accept the second group of cases.

Although it is settled that removal jurisdiction exists where both federal and state courts have concurrent original jurisdiction, the language in Sec. 16(b) of the Fair Labor Standards Act, providing that the action might be "maintained in any court of competent jurisdiction", shows a

---

[2] This conflict can not be authoritatively resolved because an order of a district court remanding a removal action to the state court has finality and is not subject to review. 28 U.S.C.A. § 71.

436

congressional intent to afford employees the obvious advantages of settling small claims in local tribunals. If the Fair Labor Standards Act confers removal jurisdiction on the federal courts, then it gives us in everyday practice exclusive jurisdiction at the option of the employer. This, in effect, would emasculate the right to maintain the action "in any court of competent jurisdiction". Since the Fair Labor Standards Act is obviously concerned primarily with employee welfare, to give substantial meaning to "any court of competent jurisdiction" requires the conclusion that Sec. 16(b) was intended to restrict the scope of the Removal Act. Plaintiff's motion to remand is accordingly granted.